[No. 46168.   En Banc.   October 16, 1980.]

SHARMA OLIVER, *Appellant,* v. HARBORVIEW MEDICAL CENTER, ET AL, *Respondents.*

*M. Margaret McKeown* and *Stephen Strong,* for appellant.

*Slade Gorton, Attorney General,* and *Steve Milam, Assistant,* for respondents.

STAFFORD, J.—This action involves the right of access to one's own personal medical records pursuant to RCW 42.17, the "Public Disclosure Act".

Respondent Harborview Medical Center is a public hospital established pursuant to RCW 36.62.010. At all times relevant to this action, respondent University of Washington provided Harborview with hospital and management services as a general contractor pursuant to RCW 36.62.290. Appellant Sharma Oliver has received medical treatment from Harborview since 1969 and apparently still receives care there.

Appellant sought copies of her Harborview medical records to convince her employer that her work record had been affected by illness. All her requests were denied by the

hospital. On December 22, 1976, appellant sent a written request to Harborview's medical records custodian requesting hospital records covering May 11, 1976 to December 22, 1976. She specified RCW 42.17 as the basis of her right to obtain the records in question.

On February 10, 1977, the public records officer of respondent University of Washington denied the written request, claiming the records were exempt from disclosure under RCW 42.17.310(1)(a) and RCW 42.17.310(1)(i). Additionally it was explained that such disclosure of patient records would inhibit full professional statements about patients and render care less helpful.

Acting pursuant to WAC 478–276–120 appellant sought review of the decision by the president of respondent University. Respondent's decisions were affirmed by the president on July 22, 1977, on the grounds stated in the original letter of denial. Having exhausted all administrative remedies, appellant filed a class action to compel disclosure of her personal medical records.

Appellant sought a declaratory judgment concerning her right of access to her personal medical records pursuant to RCW 42.17, the common law, the contractual and fiduciary relationship of a hospital and its patients, and the privacy clause of Const. art. 1, § 7. She also sought a permanent injunction preventing respondents from denying patients access to their medical records, statutory damages pursuant to RCW 42.17.340 as well as costs and attorneys' fees. Acting pursuant to RCW 42.17.340, the trial court ordered respondents to show cause why the records should not be released under the Public Disclosure Act.

On August 29, 1977, the show cause hearing was postponed at respondents' request based upon the representation that a proposed Harborview policy revision might affect the status of the case. At a subsequent meeting of the parties, respondents submitted a "draft" medical records policy, dated September 1, 1977, which would permit patients to review their own personal medical records "provided the patient's attending physician does not feel that

the patient's care would be compromised by such review". If the patient's attending physician believed "it would be inappropriate for the patient to review his or her medical record" and the medical director agreed, a court order would be necessary to review the record. It is of interest that medical record information could be released to "outside agencies or health care providers authorized by properly signed consent for release . . . executed by the patient" but the patient could not release the same information to himself or herself for the patient's own personal use.

Although the foregoing meeting focused on general medical record disclosure policy and procedures rather than on appellant's personal medical records, respondents apparently offered to discuss appellant's records with her lawyer and furnish the lawyer with a copy. There was, however, no recognition of appellant's right to have her personal medical records. As a result, the offer was declined.

Respondents subsequently adopted the current policy regarding access to medical records on April 3, 1978. In relevant part the policy provides:

> Patients at . . . Harborview . . . may review their medical records in the presence of a hospital representative, or may receive copies of those records *unless contraindicated as documented by the primary health care professional in the patient's record,* or unless prohibited by law . . .

(Italics ours.) The word "contraindicated" is nowhere defined. There is no evidence in the record before us of what policy, if any, Harborview had prior to April 3, 1978.

The parties continued to seek an informal resolution of appellant's claims. Having no success appellant again moved for a show cause order. In response, respondents moved for summary judgment on all issues and also asserted appellant had failed to certify the class pursuant to CR 23(c)(1).

On February 15, 1979, the trial court heard argument on the foregoing issues and, finding no genuine issue of material fact, granted respondents' motion for summary judgment. The trial court ruled: (1) that patients' medical records maintained by Harborview are not, as a matter of law, public records under RCW 42.17, and thus, the disclosure of appellant's medical record to appellant is outside the purview of the Public Disclosure Act; (2) all other claims raised by appellant, including the common law and constitutional issues, are moot. The trial court ordered appellant's complaint dismissed with prejudice. The class action was dismissed without prejudice, the class never having been certified.

Subsequent to the foregoing hearing, but not as a part thereof, appellant's attorney apparently accepted appellant's personal medical records from respondents. The delivery of the records, however, was apparently made as a result of the hospital policy adopted in April of 1978. Clearly, respondent Harborview did not make the delivery based on any recognition that appellant had a right thereto under RCW 42.17.

Because of the nature of the issue involved, this court accepted a direct appeal. We do not address the dismissal of the class action. It was dismissed without prejudice and error was not assigned to that ruling. Further, in light of our disposition of the Public Disclosure Act issue, we do not reach the other issues regarding a claimed common law right to personal medical records or the asserted constitutional right thereto.

The issues before us are threefold: (1) Whether the alleged statutory right of disclosure is a moot issue; (2) whether medical records maintained by a public hospital are public records under RCW 42.17; and (3) if a patient's personal medical records maintained by such public hospitals fall within the purview of RCW 42.17, whether they are exempt from disclosure under RCW 42.17.310(1)(a).

# I
## MOOTNESS OF PUBLIC DISCLOSURE ACT ISSUES

Respondents appear to contend the trial court found all of appellant's contentions be be moot. A review of the summary judgment order reveals respondents' assertion is overbroad. While the trial court held "all other issues raised by plaintiff are moot", it was referring to all issues *other* than those concerning the public nature of personal medical records maintained by a public hospital and the right of a patient to review and possess copies of his or her own personal medical records under RCW 42.17.

The trial court simply did not declare the issues regarding the Public Disclosure Act moot. They were disposed of as a viable issue. Consequently, respondents' claim of mootness, based upon the so-called holding of the trial court, is not well taken. It stems from an erroneous reading of the order granting summary judgment. Additionally, in light of our disposition of the case based upon the Public Disclosure Act, it is unnecessary to address the question of mootness as it pertains to the other matters raised in appellant's original claim for relief.

■ Respondents also argue that since appellant's attorney accepted her hospital record after the summary judgment hearing, there is no further controversy for this court to consider. We do not agree. Under the trial court's ruling, nothing precludes Harborview from denying appellant access to additional medical records under its present disclosure policy. In fact, respondent Harborview has continued to deny that appellant has a right of access other than as a matter of good will or based on the newly declared policy. It most certainly denies a right of access under RCW 42.17. Consequently, this case presents issues of continuing and substantial importance both to public hospitals and their patients. Without question further guidance is needed for all because the problem will recur. Hence, we are not constrained to resolve the matter on grounds of mootness. *See In re Patterson,* 90 Wn.2d 144, 148–49, 579 P.2d 1335 (1978), and cases cited therein.

## II
### WHETHER MEDICAL RECORDS OF A PUBLIC HOSPITAL ARE "PUBLIC RECORDS" UNDER THE PUBLIC DISCLOSURE ACT

█ As noted in *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 128, 580 P.2d 246 (1978): "Declarations of policy in an act, although without operative force in and of themselves, serve as an important guide in determining the intended effect of the operative sections." Thus, we turn for guidance to the Public Disclosure Act's declaration of policy. RCW 42.17.010 states the act is to be liberally construed to promote "full access to public records so as to assure continuing public confidence [in] . . . governmental processes, and so as to assure that the public interest will be fully protected." To this end RCW 42.17.010(11) requires that "full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society."

After declaring a broad legislative policy, the act establishes a 3–part test for determining whether a particular document is, in fact, a public record.[1] RCW 42.17.020(26) provides:

"Public record" includes █ any writing █ containing information relating to the conduct of government or the performance of any governmental or proprietary function █ prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.

Insofar as important here, a "writing" is defined in RCW 42.17.020(28) as follows:

"Writing" means handwriting, typewriting, printing, photostating, photographing, and every other means of recording any form of communication or representation,

---

[1]The determination of whether a document is a "public record" is critical for purposes of the Public Disclosure Act. RCW 42.17.260(1) requires each agency to make all "public records" available for public inspection and copying. RCW 42.17.270 requires all agencies, upon request for identifiable public records, to make such records promptly available to any person.

including letters, words, pictures . . . and all papers . . . photographic films and prints . . . and other documents.

 ■ Considering medical records of patients, prepared and maintained by respondent public hospital, it is at once clear such documents meet at least two components of the 3–part test. First, the documents are a "writing" as defined by RCW 42.17.020(28); and second, the writing is prepared, owned, used or retained by a state or local agency. Thus, the only remaining question is whether the patient's hospital records contain "information relating to the conduct of government or the performance of any governmental or proprietary function". We hold the records satisfy this requirement, given the statutory admonition that the act is to be *liberally construed* to promote "full access to public records so as to assure continuing public confidence [in] . . . governmental processes, and so as to assure that the public interest will be fully protected." RCW 42.17.010.

Without question the medical record of a patient at a public hospital contains personal data. It also contains information of a more public nature, however, *i.e.,* administration of health care services, facility availability, use and care, methods of diagnosis, analysis, treatment and costs, all of which are carried out or relate to the performance of a governmental or proprietary function. The fact that some personal or private data is contained in the patient's record does not impress thereon the character of a nonpublic document. Indeed, the legislature, recognizing the public nature of such records, specifically exempted from public inspection and copying:

> Personal information in any files maintained for students in public schools, *patients or clients of public institutions or public health agencies,* welfare recipients, prisoners, probationers, or parolees.

(Italics ours.) RCW 42.17.310(1)(a). It did not declare such exempted records "nonpublic" documents.

In sum, we hold that a patient's public hospital medical records are "public records" within the meaning of the Public Disclosure Act.

## III
### Whether a Patient's Medical Records Maintained by a Public Hospital Are Exempted From Disclosure Under RCW 42.17.310(1)(a)

Respondents contend that even if appellant's medical records fall within the purview of the Public Disclosure Act, they are exempted from disclosure under RCW 42.17-.310(1)(a). We do not agree.

As indicated above, RCW 42.17.310(1)(a) exempts from public inspection "[p]ersonal information in any files maintained for . . . patients . . . of public institutions or public health agencies". RCW 42.17.310(2) and (3), however, render this exemption from disclosure inapplicable

> to the extent that information, the disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought.

RCW 42.17.310(2); and

> if the superior court in the county in which the record is maintained finds, after a hearing with notice thereof to every person in interest and the agency, that the exemption of such records, is clearly unnecessary to protect any individual's right of privacy or any vital governmental function.

RCW 42.17.310(3). Under RCW 42.17.310(1)(a) even though a patient may desire inspection of his or her own personal medical record, the public hospital may not be required to release it unless the disclosure can be made within the purview of subsections (2) or (3). At this juncture we need not discuss the ramifications of the "deleted" or "cleansed" record or its potential for protecting patient privacy. Appellant has made no demand for a cleansed record under subsection (2).

A patient of a public hospital may, however, obtain access to his or her personal "noncleansed" records pursuant to subsection (3) if there is proof to support a judicial determination that exemption of the patient's personal records from inspection under subsection (1)(a) is clearly unnecessary to protect the patient's right to privacy or any

vital governmental function. RCW 42.17.310(3). In such cases, however, subsection (3) makes it clear the patient has the burden of proof.

As alternative causes of action appellant seeks access to her personal medical records under an asserted common law right as well as rights allegedly based upon contractual and fiduciary relationships between a public hospital and its patients. Having ruled that the importance of the continuing problem and appellant's continued patient interest in her personal records prevents mootness and having ruled that the instant case is resolved under the Public Disclosure Act, we need not discuss the matter further.

## IV
### ATTORNEYS' FEES

Appellant contends the trial court erred in its failure to award her attorney's fees. RCW 42.17.340(3) provides in pertinent part:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

On the record before us we cannot determine whether appellant is entitled to attorneys' fees. Although she has in her possession a copy of her personal medical records, that fact alone does not establish an entitlement to attorneys' fees under the act. The records were not given to her in recognition of existent rights under the Public Disclosure Act or any rights under RCW 42.17.310(3). Rather, respondents asserted and continue to assert that she has no such right under the act. Thus, even though she possesses a copy of the record, the critical question still remains whether, after appellant attempts to exercise her rights under RCW 42.17.310(3), she can sustain the burden of proof imposed by that subsection. This is a matter to be resolved by the trial court after hearing, with notice thereof to every person in interest, and determining that the exemption of the

records is clearly unnecessary to protect any individual's right of privacy or any vital governmental function. If appellant sustains the burden of proof then, of course, she would be entitled to reasonable attorneys' fees.

The cause is remanded to the trial court for reconsideration consistent with this opinion.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.