Honorable Ralph Munro Secretary of State P.O. Box 40232 Olympia, WA 98504-0232
Dear Secretary Munro:
By letter previously acknowledged, you have asked whether diet information forms sent by members of the public to the Department of Health (DOH), and DOH's computer analysis of the forms, are public records subject to disclosure. You have also asked how long these documents must be retained.
Your correspondence provides background information that we note at the outset. The DOH has entered into a cooperative agreement with the Center for Disease Control and Prevention and the Idaho and Oregon Health Divisions to provide an individualized dose assessment to persons who may have been exposed to past radioactive releases from the Hanford Nuclear Reservation.
To receive a dose estimate, a requester must contact an office in one of the three participating states and request a personalized diet information form. The form contains questions regarding the individual's diet between 1944 and 1957. After receiving a completed form, DOH performs a computer analysis to determine a radiation dose estimate. The diet information form, a computer analysis showing a dose estimate and a Dose and Risk Guidebook are returned to the requester by DOH.
 QUESTIONS PRESENTED
We restate your questions as follows:
 Are the personalized diet information forms sent by the public to DOH, and the computer analysis of those forms, public records under the Public Disclosure Act, RCW 42.17?
 Are the diet information forms and the computer analysis of the forms exempt from public disclosure?
 Are the diet information forms and computer analysis of the forms public records under the Preservation and Destruction of Public Records Act, RCW 40.14? If so, could those records be returned to the participating individuals without retention by DOH beyond the period of time necessary for analysis of the forms?
 Does the State Records Committee have authority to approve retention schedules for diet information forms and computer analysis of those forms, which permit their immediate return to the participating individuals without retention by DOH beyond the period of time necessary for analysis of the forms?
 BRIEF ANSWERS
Diet information forms sent to DOH by members of the public, and the agency's computer analysis of those forms, are public records under RCW 42.17.020(36). The names and addresses of private individuals which appear in the diet information forms and the computer analysis of the forms are personal information which RCW 42.17.310(1)(a) exempts from public disclosure. The remainder of the information contained in the forms and computer analysis is not exempt from public disclosure.
The diet information forms and the computer analysis are not official public records for which RCW 40.14 establishes a retention period. Therefore, the Records Committee may approve retention schedules for diet information forms, and computer analysis of those forms, which permit their immediate return to the participating individuals without retention by DOH.[1]
 ANALYSIS
Question 1: Are the personalized diet information forms sent by the public to DOH, and the computer analysis of those forms, public records under the Public Disclosure Act, RCW 42.17?
The Public Records Act was enacted in 1973 as part of Initiative 276 and is now codified in RCW 42.17. The Act closely parallels the federal Freedom of Information Act (FOIA). Like FOIA, the state Act "is a strongly worded mandate for broad disclosure of public records." Hearst Corp. v. Hoppe, 90 Wn.2d 123, 127,580 P.2d 246 (1978). The Public Records Act is to be "liberally construed to promote complete disclosure of all information . . . and full access to public records." RCW 42.17.010(11).
The Public Records Act contains a three-part test for determining whether a document is a public record. Oliver v. Harborview Med. Ctr., 94 Wn.2d 559, 565, 618 P.2d 76 (1980). RCW 42.17.020(36) defines a "public record" as:
 [1] any writing [2] containing information relating to the conduct of government or the performance of any governmental or proprietary function [3] prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.
Under this three-part test, the diet information form is a public record. First, the form is a writing. The term "writing" is defined by RCW 42.17.020(42) as:
 handwriting, typewriting, printing, photostating, photographing, and every other means of recording any form of communication or representation, including, but not limited to, letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, magnetic or paper tapes, photographic films and prints, motion picture, film and video recordings, magnetic or punched cards, discs, drums, diskettes, sound recordings, and other documents including existing data compilations from which information may be obtained or translated.
Second, the form contains information relating to the conduct of government or the performance of a governmental function. The DOH is engaging in a governmental function when it creates the form, reviews the responses and processes the information. The fact that the completed form will contain personal information does not change its character as a public record. Oliver v. Harborview Med. Ctr., 94 Wn.2d 559 at 566 (medical record of a public hospital patient is a public record).
Finally, since the diet information form will be "prepared" by DOH and "used" by the agency to perform a computer analysis of the individual's radiation exposure, it meets the third part of the test set forth in RCW 42.17.020(36).
The DOH computer analysis of the diet information forms also meets the three-part test of a public record. First, the computer analysis is a writing. Under RCW 42.17.020(42), the analysis is a writing regardless of whether it is printed or retained on diskettes. Second, although the analysis may contain personal information, it would also contain public information concerning use of public resources, the type of analysis performed by a public agency, and the quality of the analysis. Finally, the computer analysis is prepared by a public agency.
Question 2: Are the diet information forms and the computer analysis of the forms exempt from public disclosure?
Upon request, public records must be disclosed unless there is a specific statutory exemption from disclosure. Spokane Police Guild v. Liquor Control Bd., 112 Wn.2d 30, 36, 769 P.2d 283 (1989). A general personal privacy exemption does not exist. Progressive Animal Welfare Soc'y v. University of Wash., 125 Wn.2d 243, 258,884 P.2d 592 (1994).
There are two provisions in RCW 42.17 which address health records. First, a general provision in RCW 42.17.312 states that "[c]hapter 70.02 RCW applies to public inspection and copying of health care information of patients." The diet information forms and the computer analysis are not health care information of patients. RCW 70.02.010(6) defines "health care information" as:
 [A]ny information, whether oral or recorded in any form or medium, that identifies or can readily be associated with the identity of a patient and directly relates to the patient's health care. The term includes any record of disclosures of health care information.
A "patient" is "an individual who receives or has received health care." RCW 70.02.010(10). "Health care" is defined as:
 [A]ny care, service, or procedure provided by a health care provider: (a) To diagnose, treat, or maintain a patient's physical or mental condition; or (b) That affects the structure or any function of the human body.
RCW 70.02.010(4). Finally, the term "health care provider" is defined by RCW 70.02.010(7) as:
 [A] person who is licensed, certified, registered, or otherwise authorized by the law of this state to provide health care in the ordinary course of business or practice of a profession.
The DOH does not provide individuals who complete the forms any care, service, or procedure performed by a health care provider. Since health care is not provided, the diet information forms and the computer analysis are not health care information. Therefore, the diet information forms and the computer analysis are not exempt from disclosure pursuant to RCW 42.17.312.
The second provision relating to health records is the specific exemption for "[p]ersonal information in any files maintained for . . . patients or clients of public institutions or public health agencies, or welfare recipients" found in RCW 42.17.310(1)(a). The word "patient" is not defined in RCW 42.17. The dictionary definition of a patient is "[o]ne under medical treatment." Webster's II New Riverside University Dictionary 862 (1988). This comports with the definition found in RCW 70.02.010(10). Since individuals completing the forms will not receive medical treatment from DOH, they are not patients. Although they are not patients, participating individuals would probably be viewed by a court as "clients" of DOH. The term "client" includes "a person served by a public institution." Seattle Fire Fighters Union. Local 27 v. Hollister, 48 Wn. App. 129, 133, 737 P.2d 1302 (1987), citing Webster's Third New International Dictionary 422 (1971). Pursuant to RCW 43.70.080, DOH is responsible for providing regional genetic services, general environmental health services, and public health support services. A court would probably view DOH as providing a service when it mails the diet information form, performs a computer analysis of the form to assess the radiation dose, and returns the computer analysis and a Dose and Risk Guidebook to the individual. In this limited context, the individual is a client of DOH. Therefore, disclosure of any personal information in the diet information forms or the computer analysis would probably be exempt under RCW 42.17.310(1)(a).
It is important to note that RCW 42.17.310(1)(a) is limited to "personal information" in the files. This is reinforced by RCW 42.17.310(2), which states:
 [T]he exemptions of this section are inapplicable to the extent that information, the disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought. No exemption may be construed to permit the nondisclosure of statistical information not descriptive of any readily identifiable person or persons.
RCW 42.17.255 explains that "personal privacy" would be violated by disclosure of information about a person if disclosure: "(1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public."
In adopting RCW 42.17.255, the Legislature intended the word "privacy" to have the meaning assigned to it by the Supreme Court in Hearst. Laws of 1987, ch. 403, a 1. In Hearst, the Court relied on the illustration of privacy rights contained in the Restatement (Second) of Torts:
 Every individual has some phases of his life and his activities and some facts about himself that he does not expose to the public eye, but keeps entirely to himself or at most reveals only to his family or to close personal friends. Sexual relations, for example, are normally entirely private matters, as are family quarrels, many unpleasant or disgraceful or humiliating illnesses, most intimate personal letters, most details of a man's life in his home, and some of his past history that he would rather forget. When these intimate details of his life are spread before the public gaze in a manner highly offensive to the ordinary reasonable man, there is an actionable invasion of his privacy, unless the matter is one of legitimate public interest.
Hearst, 90 Wn.2d at 136 (quoting Restatement 2nd of Torts a 652D at 386 (1977)).
In applying the Restatement's description of personal privacy, the Supreme Court found disclosure of an employment evaluation, which does not discuss misconduct, to be highly offensive. Dawson v. Daly, 120 Wn.2d 782, 797, 845 P.2d 995 (1993). Conversely, employment evaluations which do discuss complaints or instances of misconduct which arose in the course of public employment, are not viewed as private. Id. at 797-798. A court would probably find that a reasonable person would be highly offended by public disclosure of the amount of radioactive material they have consumed in their daily diet and disclosure of their risk of developing a life threatening illness. "Unpleasant illness" is one of the intimate details of an individual's life which is specifically recognized in Hearst.
The second factor which must be determined is whether the information contained in the diet information forms and computer analysis is of legitimate concern to the public. RCW 41.27.255. The term "legitimate" is not defined in RCW 42.17. The State Supreme Court has found that in this context, "`reasonable' is the most appropriate meaning for legitimate." Dawson, 120 Wn.2d at 798. In considering public record exemptions, the Court weighs the public interest in disclosure against the public interest in efficient administration of government. Id. at 798-799.
The public has a legitimate interest in an analysis of the radiation exposure of individuals living downwind of the Hanford Nuclear Reservation. The public may also have some legitimate interest in the names and addresses of the individuals completing the diet information forms. Disclosure of the information contained on the diet information forms and in the computer analysis is unlikely to impair the efficient administration of government. However, the information you have provided indicates that members of the public expressed a hesitancy to participate in the study if their names and addresses are exposed. This understandable reluctance may impede DOH's ability to administer the study.
We conclude that personal privacy interests can be protected by deleting the names and addresses of private citizens listed on the diet information forms and computer analysis of the forms. Disclosure of the names and addresses would be highly offensive to a reasonable person and would impact the efficient administration of government by deterring individuals from participating in the study. However, the remainder of the information in the diet information forms and the computer analysis must be disclosed. After identifying names and addresses have been deleted, personal privacy interests would not be affected by disclosure.
Question 3: Are the diet information forms and computer analysis of the forms public records under the Preservation and Destruction of Public Records Act, RCW 40.14? If so, could those records be returned to the participating individuals without retention by DOH beyond the period of time necessary for analysis of the forms?
RCW 40.14.010 defines a "public record" as:
 any paper, correspondence, completed form, bound record book, photograph, film, sound recording, map drawing, machine-readable material, compact disc meeting current industry ISO specifications, or other document, regardless of physical form or characteristics, and including such copies thereof, that have been made by or received by any agency of the state of Washington in connection with the transaction of public business, and legislative records as described in RCW 40.14.100.
The definition is very broad. Since it includes "any paper . . . or other document," the diet information forms and computer analysis of the forms fall within the definition.
RCW 40.14 only establishes retention periods for official public records. RCW 40.14.060(1). "Official public records" include:
 original vouchers, receipts, and other documents necessary to isolate and prove the validity of every transaction relating to the receipt, use, and disposition of all public property and public income from all sources whatsoever; all agreements and contracts to which the state of Washington or any agency thereof may be a party; all fidelity, surety, and performance bonds; all claims filed against the state of Washington or any agency thereof; all records or documents required by law to be filed with or kept by any agency of the state of Washington; all legislative records as defined in RCW 40.14.100; and all other documents or records determined by the records committee, created in RCW 40.14.050, to be official public records.
RCW 40.14.010(1). Public records which fall outside the definition of official public records, including correspondence and completed forms, are labeled "office files and memoranda." RCW 40.14.010(2).
The diet information forms and the computer analysis are office files and memoranda, unless the Records Committee determines they are official public records. RCW 40.14.060(2) states that the Records Committee "shall determine the period of time that any office file or memorandum shall be preserved and may authorize the division of archives and records management to arrange for its destruction or disposition." Since RCW 40.14.060(2) does not include a minimum retention period, the Records Committee could approve return of the diet information forms and the computer analysis to the participating individuals without retention by DOH. However, if the Records Committee determines that the documents are official public records, they must be retained for a minimum of six years. RCW 40.14.060(1)(a).
Question 4: Does the state Records Committee have authority to approve retention schedules for diet information forms and computer analysis of those forms, which permit their immediate return to the participating individuals without retention by DOH beyond the period of time necessary for analysis of the forms?
As stated above, since RCW 40.14.060(2) does not include a minimum retention period, the Records Committee may approve return of the diet information forms and the computer analysis to the participating individuals without retention by DOH.
If the Records Committee determines that the diet information forms and the computer analysis are official public records, then the six-year retention period applies. The time period may be reduced only if a shorter retention period is approved by the Director of Financial Management, the State Auditor and the Attorney General. RCW 40.14.060(2).
We trust this Opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
ANNE E. EGELER Assistant Attorney General (360) 586-1774
[1] Because DOH is performing this project with federal grant money, and pursuant to agreements with the Center for Disease Control and Prevention, and the Idaho and Oregon Health Divisions, there may be additional applicable public records production and retention requirements contained in the federal Freedom of Information Act (FOIA) or the specific terms of the agreements. Since you have not provided us with a copy of the federal grant or the agreements, or asked us to analyze the federal law, we have not done so.