994 P.2d 857 (2000)
100 Wash.App. 7
Ernest G. SMITH, Appellant,
v.
OKANOGAN COUNTY, Respondent.
No. 18342-4-III.
Court of Appeals of Washington, Division 3, Panel Ten.
February 8, 2000.
Publication Ordered and Reconsideration Denied March 9, 2000.
*860 Steven C. Lacy, Stewart R. Smith, Lacy & Kane PS, East Wenatche, WA, for Appellant.
*861 Hugh T. Lackie, Patrick M. Risken, Evans, Craven & Lackie P.S., Spokane, WA, for Respondent. *858

*859 OPINION
KATO, J.
Alleging it violated the public disclosure act, Ernest Smith filed a complaint against Okanogan County. The court granted the County's motion for summary judgment dismissal. Contending this was error, Mr. Smith appeals. We affirm in part and reverse in part.
From September 1996 through March 1997, Mr. Smith filed numerous requests with various Okanogan County departments pursuant to the public records portion of the public disclosure act, RCW 42.17.250.348. Although the County provided some of the information, it denied many of the requests by claiming the material did not exist or did not constitute a public record under RCW 42.17.260(1), (3), and RCW 42.17.020(36).
Claiming it had failed to provide adequate responses to his requests for public records, Mr. Smith filed a complaint against Okanogan County in November 1997. The County requested a more definite statement. Mr. Smith filed an amended complaint in February 1998, asserting the County had mishandled 11 of his public record requests. The County moved for summary judgment dismissal, claiming he had either requested materials that did not exist or did not constitute a "public record or index." The court granted the County's motion for summary judgment. This appeal follows.
Mr. Smith claims the court erred by finding as a matter of law that the public records act did not require the County to disclose the documents and indexes he requested. "Judicial review of all agency actions taken or challenged under RCW 42.17.250 through 42.17.320 shall be de novo." Progressive Animal Welfare Soc'y v. University of Wash., 125 Wash.2d 243, 252, 884 P.2d 592 (1994) (PAWS II) (quoting RCW 42.17.340(3)). When the record consists only of affidavits, memoranda of law, and other documentary evidence, the appellate court stands in the same position as the trial court. Id. Since this case was decided on summary judgment, we must determine whether no disputed issues of material fact exist and if the County was entitled to judgment as a matter of law. See PAWS II, 125 Wash.2d at 253, 884 P.2d 592.
Under the public records portion of the public disclosure act, RCW 42.17.250.348 (hereafter the Public Records Act, or the Act), see PAWS II, 125 Wash.2d at 250, 884 P.2d 592, state and local agencies are required to disclose public records on request unless the documents are specifically exempt. RCW 42.17.260(1). The Act was designed to provide open access to governmental activities. RCW 42.17.010; Amren v. City of Kalama, 131 Wash.2d 25, 31, 929 P.2d 389 (1997).
The Public Records Act "is a strongly worded mandate for broad disclosure of public records." Hearst Corp. v. Hoppe, 90 Wash.2d 123, 127, 580 P.2d 246 (1978). Its disclosure provisions must be liberally construed, and its exemptions narrowly construed. RCW 42.17.010(11); .251;.920. Courts must be cognizant of the Act's policy "that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.17.340(3).
The agency has the burden of proving that refusing to disclose "is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records." RCW 42.17.340(1). Agencies must provide "the fullest assistance to inquirers and the most timely possible action on requests for information." RCW 42.17.290. Finally, agencies "shall not distinguish among persons requesting records, and such persons shall not be required to provide information as to the purpose for the request" except under very limited circumstances. RCW 42.17.270; see also RCW 42.17.260(6); Newman v. King County, 133 Wash.2d 565, 570-71, 947 P.2d 712 (1997); Amern, 131 Wash.2d at 30-32, 929 P.2d 389; *862 PAWS II, 125 Wash.2d at 251-52, 884 P.2d 592.
The Act applies only to public records. Bonamy v. City of Seattle, 92 Wash.App. 403, 409, 960 P.2d 447 (1998), review denied, 137 Wash.2d 1012, 978 P.2d 1099 (1999). Thus, disclosure is not necessary unless and until there has been a specific request for records. An important distinction must be drawn between a request for information about public records and a request for the records themselves. The Act does not require agencies to research or explain public records, but only to make those records accessible to the public. Id.
A public record subject to disclosure under the Act includes (1) any writing, (2) containing information relating to the conduct of government or the performance of any governmental or proprietary function, (3) prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics. RCW 42.17.020(36); see also Confederated Tribes v. Johnson, 135 Wash.2d 734, 746, 958 P.2d 260 (1998); Oliver v. Harborview Med. Ctr., 94 Wash.2d 559, 565, 618 P.2d 76, 26 A.L.R.4th 692 (1980); Yacobellis v. City of Bellingham, 55 Wash.App. 706, 711, 780 P.2d 272 (1989), review denied, 114 Wash.2d 1002, 788 P.2d 1077 (1990).
When an agency receives a request for disclosure, it must respond as directed by statute:
Responses to requests for public records shall be made promptly by agencies, the office of the secretary of the senate, and the office of the chief clerk of the house of representatives. Within five business days of receiving a public record request, an agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives must respond by either (1) providing the record; (2) acknowledging that the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives has received the request and providing a reasonable estimate of the time the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives will require to respond to the request; or (3) denying the public record request. Additional time required to respond to a request may be based upon the need to clarify the intent of the request, to locate and assemble the information requested, to notify third persons or agencies affected by the request, or to determine whether any of the information requested is exempt and that a denial should be made as to all or part of the request. In acknowledging receipt of a public record request that is unclear, an agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives may ask the requestor to clarify what information the requestor is seeking. If the requestor fails to clarify the request, the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives need not respond to it. Denials of requests must be accompanied by a written statement of the specific reasons therefor.
RCW 42.17.320.[1] When an agency fails to respond as provided in RCW 42.17.320, it violates the Act and the individual requesting the public record is entitled to a statutory penalty. Doe I v. Washington State Patrol, 80 Wash.App. 296, 304, 908 P.2d 914 (1996).
The County argues that several of Mr. Smith's requests were for records that did not exist. No Washington case has decided whether a duty to create an otherwise non-existent document exists under RCW 42.17. But there is federal law on the issue. The Washington public disclosure act closely parallels the federal Freedom of Information Act, 5 U.S.C. sec. 552 (1970 and Supp. V 1975), and judicial interpretations of that Act are therefore particularly helpful in construing our own. Hearst Corp., 90 Wash.2d at 128, 580 P.2d 246; see also Dawson v. Daly, 120 Wash.2d 782, 791, 845 P.2d 995 (1993). Under the Freedom of Information Act, an agency is not required to create a record which is otherwise non-existent. See National Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 161-62, 95 S.Ct. 1504, 44 *863 L.Ed.2d 29 (1975). We agree and determine there is also no such duty under the State Act.
In a document entitled "Cert. No. 03," dated September 4, 1996, Mr. Smith asked Richard Weber, the Okanogan County Prosecuting Attorney, to:
Please provide a list of ALL persons including yourself, whether appointed, elected, hired, or under contract, that are employed in the Office of the Prosecuting Attorney, including their titles, descriptions of duties, rate of compensation, copies of each official bond, copy of each oath of office, copy of the contract with the County of Okanogan and/or State of Washington, copy of Errors and Omissions insurance policies and each respective WSBA No.
On September 13, 1996, Mr. Weber responded through his chief civil deputy that no such list existed and that information regarding an employee's position, salary, and length of service did not relate to a government function and was thus outside the scope of the public disclosure act. He did provide copies of (1) the oaths of office for each attorney in the office; (2) RCW 36.27.040, which provides authority for the appointment of deputy prosecutors; (3) the current bond; and (4) the current errors and omissions policy.
The only information Mr. Smith requested but did not receive was the list of persons employed by the prosecutor's office with their titles, job descriptions, and rates of compensation. Requests seeking information about an "employee's position, salary, and length of service relate neither to the conduct of government, nor to the performance of any governmental function ... and are not subject to disclosure." Dawson, 120 Wash.2d at 789, 845 P.2d 995. The requests denied by the prosecutor were "verification requests" under Dawson and were not subject to disclosure under the Act.[2] The County properly denied these requests.[3]
In Cert. No. 4, dated September 4, 1996, and directed to the Okanogan County Superior Court Administrator, Mr. Smith asked for a list of all available attorneys that the court could appoint to represent him at a show cause hearing. He also wanted an index list of each attorney's credentials, the ratio of cases won to cases lost, the number of cases in which the attorney represented a male in a family law matter, the attorney's specialty in law, and WSBA number. He also asked if any attorneys had a complaint against them and, if so, he wanted a copy. Finally, he requested the compensation, employment contract, errors and omissions insurance policy, and oath for each attorney.
Except for one item, these requests constitute requests for information, not public records. The requests therefore did not fall under RCW 42.17 and the County was not required to take any action. See Bonamy, 92 Wash.App. at 409-10, 960 P.2d 447.
The only item which was not a request for information was the oath of attorney. But the oath does not constitute a public record because it does not relate to the conduct of government or relate to the performance of any governmental function.[4] Since the oath of each attorney was not a public record, RCW 42.17 does not apply.
Mr. Smith asserts the County violated the Act because it did not respond as *864 required by RCW 42.17.320. The only response he received was a letter dated September 9, 1996, from the Okanogan County Superior Court Administrator, indicating that his letter of September 4 had been filed with the court.[5] Mr. Smith claims that this response did not comply with RCW 42.17.320 because it did not provide the records, give an estimate of time to provide the records, or deny the request as required. But Cert. No. 4 was not a request for "public records," so RCW 42.17.320 does not apply. See Bonamy, 92 Wash.App. at 412, 960 P.2d 447 (if RCW 42.17 does not apply, agency not required to comply with rules for request of public records).
In Cert. No. 5, also dated September 4, 1996, Mr. Smith asked the Okanogan County Superior Court Administrator for a complete index of all judges who sit on the bench in that county. He asked that the index include each judge's full legal name, official title, term of office, and whether appointed, commissioned, or elected. If commissioned or appointed, he wanted a copy of the commission or appointment. He also requested their oaths, bonds, errors and omissions policy, credentials, and WSBA numbers. Finally, he asked for a full description of any complaints against each judge.
The only response filed was the September 9 letter from the Court Administrator. The County asserts that the information requested in Cert. No. 5 was not a "writing" or "public record" under the Act. It also claims the requests were verification requests not requiring disclosure.
Most of the information sought in Cert. No. 5 did indeed relate to requests for information rather than public records. But the request for a copy of each judge's oath was a request for a public record. Under RCW 42.17.320, the County had five business days from its receipt of the request to respond to Cert. No. 5. The statute provides for only three possible responses: (1) provide the requested records, (2) provide a reasonable time in which the requested records will be provided, or (3) deny the request. RCW 42.17.320. The County's response did not comply with the statute.[6] The County's failure to respond with respect to the request for the judge's oaths violated the Act. We remand to the trial court to determine what penalty, if any, is appropriate. American Civil Liberties Union v. Blaine Sch. Dist. No. 503, 86 Wash.App. 688, 698-99, 937 P.2d 1176 (1997).
In Cert. No. 6, dated September 4, 1996, Mr. Smith asked the Okanogan County Clerk to give him a complete index of all persons employed, whether elected, hired, appointed, commissioned, or under contract with Okanogan County District Court, Superior Court, Sheriff's Department, County Clerk's Office, and Auditor's Office. The request included all clerical personnel, but excluded those persons not directly involved in administrative duties or persons sitting on the bench in a judicial capacity. He wanted their full legal names, official titles, names of the department in which they worked, terms of office, and dates of hire. He also asked whether they were appointed, commissioned, hired, or elected, and the name of the person who commissioned, hired, or appointed them, plus a copy of the commission or appointment. He also requested a copy of each official bond, the name of the errors and omissions carrier, including liability limits and policy numbers, credentials, WSBA numbers, rate of compensation, and full description of any complaints sustained against them. Again, the only response to this request was the September 9 letter from the Court Administrator.
Cert. No. 6 does not refer to any specific public record. The request was merely for information. Thus, the County was not required to respond. Bonamy, 92 Wash.App. at 409-12, 960 P.2d 447.
*865 In Cert. No. 8, dated September 4, 1996, Mr. Smith asked the Okanogan County Superior Court Administrator to provide the name, title, and credentials of the judge who would be presiding over his show cause hearing. He also asked for an exact description and map of the courtroom. The only response filed by the County was the September 9 letter from the Court Administrator. But Cert. No. 8 is a request for information rather than a public record and is not subject to RCW 42.17. The County was not required to respond. See Bonamy, 92 Wash.App. at 409-12, 960 P.2d 447.
In Cert. No. 9, dated September 4, 1996, Mr. Smith asked the Okanogan County Commissioners' Office for a complete index of all persons elected, appointed, commissioned, hired, under contract with, and/or employed in that office. He wanted the index to include each person's full legal name, title, description of duties, date of beginning office, date hired or date contracted, the term of office, employment and/or contract, and a copy of oath of office and official bond.
On September 13, the Chief Civil Deputy Prosecuting Attorney of Okanogan County responded, informing Mr. Smith the only persons in the County Commissioners' Office who had oaths or bonds were the Commissioners and providing copies of those oaths and bonds. Advising him that the index did not exist and the Act did not require the County to create a document, the chief deputy denied the remainder of the request. The chief deputy also indicated that many of the requests were "verification requests" and, pursuant to Dawson v. Daly, 120 Wash.2d 782, 845 P.2d 995 (1993), were outside the scope of the Act.
The County's denial of the requests in Cert. No. 9 was proper. The County correctly indicated there is no duty to create a document. See National Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 161-62, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Moreover, disclosure was not required because the request was mainly for information. See Bonamy, 92 Wash.App. at 409-12, 960 P.2d 447. Finally, the requests were "verification requests" under Dawson and not subject to disclosure.
In Cert. No. 31, dated September 13, 1999, Mr. Smith asked the Okanogan County Commissioners' Office to advise him when, how, and why Okanogan County became a municipal corporation. He also wanted a map of the county defining the exact location of the municipal corporation. He also requested an index of the corporation manuals, procedures, and rules.
On September 19, the Chief Civil Deputy Prosecutor of Okanogan County responded to the request. The chief deputy stated that Mr. Smith's request for when, how, and why the County became a municipal corporation did not identify a public record. He provided a copy of the map of the county. The chief deputy further stated that the index requested did not exist.
The County's response to Cert. No. 31 did not violate RCW 42.17. It correctly pointed out that the request did not identify a public record. In essence, Mr. Smith was requesting information. The County thus had no obligation under RCW 42.17. See Bonamy, 92 Wash.App. at 409-12, 960 P.2d 447. The map requested was provided. Because the "index requested" did not exist, there was nothing to disclose. See Sears, 421 U.S. at 161-62, 95 S.Ct. 1504.
In Cert. No. 44, dated September 23, 1996, Mr. Smith asked deputy prosecuting attorney Ralph L. Perkins, to identify who employs him and remit a copy of his employment contract. He asked Mr. Perkins to identify who pays his salary and expenses and to remit a copy of his most recent income verification record. Mr. Smith further requested records showing the income received from local, state, and federal funds that finance his department. Mr. Perkins filed no formal response and forwarded the request to Mr. Smith's court-appointed attorney.
Cert. No. 44 contained verification requests. Although disclosure of the requested material was not required, the County nonetheless violated RCW 42.17 by not complying with RCW 42.17.320. Failure to respond constitutes a violation of the Act, entitling Mr. Smith to a statutory penalty. Blaine Sch. Dist. No. 503, 86 Wash.App. at 698-99, 937 P.2d 1176. We thus reverse the order of *866 summary judgment with respect to this request and remand to the trial court to determine what penalty, if any, is appropriate.
In Cert. No. 47, dated September 23, 1996, Mr. Smith asked the Administrative Coordinator for the Okanogan County Commissioners' Office to give him documents and records evidencing how, when, and why Okanogan County became a municipal corporation. He asked for a map showing the exact location of the municipal corporation's headquarters. He also requested an index list of the corporation manuals, procedures, and rules, and where they could be found. Finally, he asked for a list of the corporate officers and directors.
On September 27, the County responded by indicating much of the requested information did not exist. The response stated that the County was created by a legislative act and the public disclosure act did not require agencies to perform legal research. The County suggested that Mr. Smith contact an attorney or go to the county law library to find the requested information. The County advised him that the requested index of corporation manuals, procedures, and rules did not exist. It told him the County was governed by statutes, regulations, and ordinances which he could inspect at the Commissioners' Office. If he wanted a copy of a particular ordinance, he needed to specifically identify the ordinance and remit $.15 per page. The County also stated it did not have any corporate officers so the list he requested did not exist.
With the exception of the map which he had already received, the information requested in Cert. No. 47 did not exist. The request pertaining to the creation of the municipal corporation was a request for information, not a public record. The County fully complied with its obligations under RCW 42.17 with respect to Cert. No. 47.
In Cert. No. 48, dated September 23, 1996, Mr. Smith made 15 requests for information from the Okanogan County Superior Court Administrator. Mr. Smith requested a list of all court-appointed defense attorneys utilized by Okanogan County. He also wanted a list of any sustained complaints against these attorneys, copies of their oaths, and a copy of the contract between the County and the court-appointed defense attorneys. The County responded that no such documents existed, but certain records may be available from other government agencies.
He requested a signed copy of the contractual agreement between the County and defense attorney Scott D. Stuart. Mr. Smith wanted an index list of all judges or attorneys who sit on the bench as judges or court commissioners, as well as copies of each individual's oath and any records of complaints sustained against them. Again, the County responded that it did not have the documents or indexes requested, but that another agency might.
Mr. Smith further asked the County to provide public records showing where the bar was located in the courtroom. The County responded that no such document existed.
He sought documentation identifying the "approved size, type and use of decorative fringe on the Flags displayed in a courtroom." The County advised Mr. Smith that no such document existed.
He next asked for the latest purchase order for flags and seals used in the courtroom. The County told Mr. Smith that it had a one-page invoice and a one-page voucher responsive to his request and he needed to remit $.30 ($.15 per page). RCW 42.17.300 permits agencies to charge a reasonable fee for copy expenses. The County fully complied with its duty in its response to this request.
Mr. Smith next requested "an index list of the law, statutes, or rules that identify Okanogan County Superior Court as a Legislative Court." The County responded that no list existed.
Mr. Smith also wanted the laws which permitted the County to forward his requests to the Prosecuting Attorney's Office. The County responded that it did not have a duty to do legal research for Mr. Smith. Under RCW 42.17, the County is only required to provide access to public records.
Last, Mr. Smith wanted a copy of the Court Administrator's employment contract. The County responded that no such document existed.
*867 Cert. No. 48 made requests for items that did not exist or were not in the Court Administrator's possession. It also made several requests for information. The County responded to these requests as required by RCW 42.17.320. Its denial of these requests was proper. See Sears, 421 U.S. at 161-62, 95 S.Ct. 1504 (no duty to create a record) and Bonamy, 92 Wash.App. at 409-412, 960 P.2d 447 (the Act does not cover requests for information).
Cert. No. 49, dated September 23, 1996, contained five requests. Mr. Smith requested an index of all persons employed by the County in various departments, including their legal names, official titles, and departments where they worked. If such a list did not exist, he asked for all records which identified the employees. The County responded that it did not have the documents requested.
Next, Mr. Smith requested a document which identified the court commissioner who signed a specific show cause order. The County properly agreed to provide the document once Mr. Smith remitted the appropriate fee. See RCW 42.17.300.
Mr. Smith also asked for a document identifying the person from the Court Clerk's Office who signed that show cause order. The County responded that no individual from the Clerk's Office signed the order. Accordingly, there was no document to disclose.
Mr. Smith asked for a copy of the Court Clerk's contract with the County. The County indicated that no contract existed.
With the exception of the show cause order, none of the documents requested existed. Thus, the County had nothing to disclose and its response was proper.
Mr. Smith claims that the Public Records Act requires the County to maintain certain indexes. He requested several such indexes, which the County said did not exist. He contends that the failure to maintain these indexes was itself a violation of the Act. The Act does require an agency to maintain indexes of certain items:
(3) Each local agency shall maintain and make available for public inspection and copying a current index providing identifying information as to the following records issued, adopted, or promulgated after January 1, 1973:
(a) Final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
(b) Those statements of policy and interpretations of policy, statute, and the Constitution which have been adopted by the agency;
(c) Administrative staff manuals and instructions to staff that affect a member of the public;
(d) Planning policies and goals, and interim and final planning decisions;
(e) Factual staff reports and studies, factual consultant's reports and studies, scientific reports and studies, and any other factual information derived from tests, studies, reports, or surveys, whether conducted by public employees or others; and
(f) Correspondence, and materials referred to therein, by and with the agency relating to any regulatory, supervisory, or enforcement responsibilities of the agency, whereby the agency determines, or opines upon, or is asked to determine or opine upon, the rights of the state, the public, a subdivision of state government, or of any private party.
RCW 42.17.260(3). But none of the information requested by Mr. Smith is an index required by the statute. The failure to maintain the requested indexes was not a violation of the Act.
Mr. Smith has requested attorney fees on appeal pursuant to RCW 42.17.340(4) and RAP 18.1. RCW 42.17.340(4) permits the prevailing party in an action for the public disclosure of records to recover reasonable attorney fees. Mr. Smith has prevailed with respect to Cert. Nos. 5 and 44. The County prevailed on the remaining requests. The question is whether Mr. Smith was the prevailing party on appeal.
Generally, the prevailing party is the party who receives a judgment in his or her favor. Sardam v. Morford, 51 Wash.App. 908, 911, 756 P.2d 174 (1988). If both parties prevail on major issues, there may be no prevailing party. Kysar v. Lambert, 76 *868 Wash.App. 470, 493, 887 P.2d 431, review denied, 126 Wash.2d 1019, 894 P.2d 564 (1995). When there is no prevailing party, neither party is entitled to attorney fees. Phillips Bldg. Co. v. An, 81 Wash.App. 696, 702, 915 P.2d 1146 (1996). Here, both parties prevailed on major issues. Mr. Smith is not entitled to fees on appeal under the Act.
The County has also requested attorney fees, claiming the appeal was frivolous. RAP 18.1; RCW 4.84.185. A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts. Tiger Oil Corp. v. Department of Licensing, 88 Wash.App. 925, 938, 946 P.2d 1235 (1997). Because Mr. Smith prevailed in part, his appeal was not frivolous. The County is not entitled to fees.
We reverse summary judgment with respect to Cert. Nos. 5 and 44 only, and remand for determination of any penalty. The order of summary judgment dismissal as to all other requests is affirmed. Both parties' requests for attorney fees on appeal are denied.
KURTZ, C.J., and BROWN, J., concur.
NOTES
[1] Mr. Smith argues that the County was required to ask him to clarify his requests. We disagree. Under RCW 42.17.320, an agency may request clarification from an individual making a records request, but there is no requirement to do so.
[2] Mr. Smith claims that Dawson is not on point because the "verification requests" referred to there were "requests for verification of employment which the prosecutor's officer had compiled when considering a deputy prosecutor for employment." We disagree. The court defined verification requests as the very types of requests made here.
[3] Mr. Smith claims that under RCW 42.17.290, the County had a duty to assist him in making his requests. Thus, he argues that the County should have helped him properly identify the records he wanted. RCW 42.17.290 does require that an agency adopt rules and regulations that provide full access to public records. The statute further states that these rules shall provide for the fullest assistance to inquirers and the most timely possible action on requests for information. But neither the statute nor the case law interpreting it requires an agency to assist an individual as Mr. Smith suggests. He has made no affirmative showing that the County did not comply with its duty under RCW 42.17.290.
[4] The oath of attorney differs from the oath of a judge. The latter does relate to the conduct of government and constitutes a public record.
[5] The County claims that Mr. Weber's September 13 letter was a sufficient response to all the requests made by Mr. Smith on September 4. But the September 13 letter specifically states it is in response to Cert. No. 3. Thus, the September 13 letter cannot be construed as a response to all the requests filed on September 4.
[6] Pursuant to RCW 2.08.080, superior court judge's oaths are filed with the Secretary of State. The County's response should have been denial of the request.