Lisa BROWN, a court reporter, a married woman and her marital community, and a class representative, Plaintiff—Appellant,

v.

KING COUNTY, a political subdivision of the State of Washington; King County Superior Court, a branch of King County Government, Defendants—Appellees.

No. 02–36117.
D.C. No. CV–01–00430–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided May 27, 2004.

Shawn G. Hart, Seattle, WA, for Plaintiff–Appellant.

Stephen G. Teply, Esq., King County Prosecuting Attorney, Seattle, WA, for Defendants–Appellees.

Before LEAVY, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM *

Lisa Brown appeals the district court's denial of her Federal Rule of Civil Procedure 60(b) motion for relief from the summary judgment dismissal of four of her claims alleging denial of equal protection and of the right to compete because of alleged nepotism and discrimination because of pregnancy in violation of 42 U.S.C. § 1983. Brown also appeals the district court's judgment entered after a bench trial on her claim brought under the Washington Public Disclosure Act, WASH. REV.CODE § 42.17 ("PDA"), and the district court's denial of her Federal Rule of Civil Procedure 59(e) motion for a new trial. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite them herein only as necessary to our disposition.

The district court did not abuse its discretion when it denied Brown's Rule 60(b) motion for relief from the summary judgment dismissal of four of her claims. The district court had already found that the Superior Court's failure to produce the poster was not the result of fraud or bad faith. Moreover, the poster was irrelevant to the district court's conclusion that Brown was not discharged and was not treated differently than similarly situated co-workers. Brown's claims of legal error are simply not the type of "mistake" that justifies relief under Rule 60(b). See Casey v. Albertson's, Inc., 362 F.3d 1254, 1261 (9th Cir.2004).

■ The district court did not err when it found that Brown's public disclosure request did not require the Superior Court to provide Brown with a copy of three e-mails between Superior Court employees in which Brown was discussed. Brown's request stated, "[i]f any other files or documents regarding Lisa Brown are maintained, indicate the existence of these documents, the locations of the documents and the custodian of the documents in your response." Brown's request was not for a particular public record. It did not describe a document in a manner that would assist the person searching for the record. To the contrary, it asked for information about possible documents. The PDA does not require the agency to respond to a request for information about a public record. See Smith v. Okanogan County, 100 Wash.App. 7, 994 P.2d 857, 863 (2000).

■ The district court did not abuse its discretion when it awarded Brown the minimum statutory penalty of $5 per day for 484 days for the Superior Court's PDA violation. Because the Superior Court's failure to produce the poster was an oversight and it was the only document withheld, it was not an abuse of discretion to award the minimum penalty. See Amren v. City of Kalama, 131 Wash.2d 25, 929 P.2d 389, 396 (1997). Similarly, the district court's determination that the penalty should be calculated from the date the Superior Court produced their response to Brown's request was not an abuse of discretion.

■ The district court did not abuse its discretion when it denied Brown's request for attorney fees and costs pursuant to the PDA. The Superior Court prevailed on three of the four allegations of failure to disclose pubic records. Thus, Brown was not a prevailing party and was not entitled to an award of attorney fees. See Smith, 994 P.2d at 868.

Because Brown did not brief the issue of the district court's denial of her Rule 59(e) motion, she has waived her right to raise

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that issue on appeal. *See Doty v. County of Lassen,* 37 F.3d 540, 548 (9th Cir.1994).

The judgment of the district court is AFFIRMED.