50 P.3d 638 (2002)
147 Wash.2d 16
N. John KILIAN and Lyn Kilian, husband and wife, Plaintiffs,
v.
Mitch ATKINSON, in his individual capacity and Jane Doe Atkinson, husband and wife; and the City of Chelan, a municipal corporation, Defendants.
No. 71569-6.
Supreme Court of Washington, En Banc.
Argued January 31, 2002.
Decided August 1, 2002.
*639 Paul Burns, Spokane, for Respondents.
Charles Zimmerman, Brian Walker, Wenatchee, for Petitioners.
Bryan Harnetiaux, Debra Stephens, Spokane, Amicus Curiae on Behalf of Washington State Trial Lawyers Association.
Jeffrey Needle, Seattle, Amicus Curiae on Behalf of Washington Employment Lawyers Association.
SMITH, J.
The United States District Court for the Eastern District of Washington, in an action pending in that court, by order dated October 9, 2001, certified to this court one question of state law asking whether an age discrimination claim can be asserted by an independent contractor under RCW 49.60.030. This court accepted certification under the Federal Court Local Law Certificate Procedure Act, RCW 2.60.010-.900, and Washington Rule of Appellate Procedure (RAP) 16.16.

QUESTION PRESENTED
The sole question in this case is the certified question whether an age discrimination claim can be asserted by an independent contractor under RCW 49.60.030.

STATEMENT OF FACTS
In this opinion the court is concerned only with a claim of age discrimination in a case pending in the United States District Court for the Eastern District of Washington.[1] Plaintiffs N. John Kilian and Lyn Kilian, husband and wife, were independent contractors who operated a bumper boat business under a concession contract with the City of Chelan (City) from 1984 through 1999.[2] The initial contract was for a 10-year period beginning March 1, 1984 and ending February 28, 1994. After 10 years, the Kilians and the City renewed their contract for an additional 5 years. There were successive renewals of the contract until February 10, 2000, when the Chelan City Council voted to deny any further extensions of the contract.
Plaintiffs brought an action in the United States District Court for the Eastern District of Washington under 42 U.S.C. § 1983 for violation of their free speech rights under the First Amendment of the United States Constitution; for violation of their free speech rights under Article I, Section 5 of the Washington State Constitution; and for age discrimination in violation of Washington statutes RCW 49.60.030 and RCW 49.44.090. Named as defendants in the suit were Mitch Atkinson, Mayor of the City of Chelan, his wife, Jane Doe Atkinson, and the City of Chelan. The free speech matters, which relate to a claim that Defendant Mitch Atkinson and the Chelan City Council deprived Plaintiffs of their right to speak at a public meeting of the Council on February 10, 2001, are not before this court under the certified question.
With regard to the claims of age discrimination, Plaintiffs contend that when the City denied extension of their contract for the bumper boat concession on February 10, 2000, Plaintiff N. John Kilian was 60 years old and that the City renewed a lease agreement with a go-kart concessionaire who was substantially younger than he. Plaintiffs claim that Mr. Kilian's age was a substantial factor in the City's refusal to renew the bumper boat concession agreement.
By order dated October 9, 2001, the Honorable Alan A. McDonald, presiding over the case in the United States District Court, granted Defendants' motion for summary judgment on Plaintiffs' age discrimination claim under RCW 49.44.090 "based strictly *640 on the applicable law, without regard to the factual record." With regard to the age discrimination claim under RCW 49.60.030, the District Court asked this court to "answer whether an age discrimination claim can be asserted by an independent contractor under that statute." The order concluded that:
Defendants' Motion for Summary Judgment... is DENIED with respect to plaintiffs' freedom of speech claims ....
Defendants' Motion for Summary Judgment... is GRANTED with respect to plaintiffs' age discrimination claim pursuant to RCW 49.44.090.
Defendants' Motion for Summary Judgment... is STAYED with respect to plaintiffs' age discrimination claim pursuant to RCW 49.60.030 pending response from the Washington Supreme Court on the certified question.
....

DISCUSSION

STATUTORY CONSTRUCTION
This court in interpreting a statute ascertains and gives effect to the intent and purpose of the Legislature in creating it.[3] If a statute is clear on its face, its meaning is to be derived from the language of the statute alone.[4] This court has repeatedly held that an unambiguous statute is not subject to judicial construction[5] and has declined to add language to an unambiguous statute even if it believes the Legislature intended something else but did not adequately express it.[6] A statute is ambiguous if it can be reasonably interpreted in more than one way, but it is not ambiguous simply because different interpretations are conceivable.[7] If a statute is ambiguous, this court resorts to principles of statutory construction, legislative history, and relevant case law to assist in interpreting it.[8]
When a statute is ambiguous, this court must construe the statute in order to effectuate the intent of the Legislature.[9] In construing a statute, courts should read it in its entirety,[10] instead of reading only a single sentence or a single phrase.[11] "`Each provision must be viewed in relation to the other provisions and harmonized, if at all possible....'"[12] Statutes must be construed so that all the language is given effect and no portion is rendered meaningless or superfluous.[13] The court must also avoid constructions that yield unlikely, absurd or strained consequences.[14] Courts may not read into a statute matters that are not in it[15] and may not create legislation under the guise of interpreting a statute.[16]

WASHINGTON LAW AGAINST DISCRIMINATION
The Washington law against discrimination, chapter 49.60 RCW, under RCW 49.60.010 declares as a civil right the right to be free from discrimination because of race, creed, color, national origin, families *641 with children, sex, marital status, age, or the presence of any sensory, mental, or physical disability, or the use of a trained dog guide or service animal by a disabled person. Another statute, RCW 49.44.090, prohibits age discrimination in employment, referring to an "individual who is forty years of age or older." (Emphasis added.) The certified question, though, refers specifically and only to RCW 49.60.030, which states, in part, in subsections (1) and (2):
(1) The right to be free from discrimination because of race, creed, color, national origin, sex, or the presence of any sensory, mental, or physical disability ... is recognized as and declared to be a civil right. This right shall include, but not be limited to:
(a) The right to obtain and hold employment without discrimination;
....
(2) Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 ....
(Emphasis added.)
Age is not included in the listing of protected classes under RCW 49.60.030(1). The statute is clear and unambiguous. Its language is not susceptible to more than one reasonable interpretation. In Marquis v. City of Spokane, this court, although only in a footnote, observed that the Legislature expressly limited its specification of protected classes in RCW 49.60.030(1) to race, creed, color, national origin, sex, and disability.[17] The Legislature refers to age discrimination in employment only in RCW 49.60.180 and RCW 49.44.090.
Plaintiffs acknowledge that on its face RCW 49.60.030 does not include age in its listing of protected classes. They argue that the broad language of RCW 49.60.030(2), which provides a civil cause of action and remedy for persons injured by "any act in violation of this chapter," makes RCW 49.60.030 ambiguous and subject to judicial construction by this court. Relying on the Legislature's stated purpose in RCW 49.60.010, the language in RCW 49.60.020, and this court's decision in Marquis, Plaintiffs urge this court to add "age" to the protected classes listed in RCW 49.60.030(1). Plaintiffs misinterpret both the statute and this court's decision in Marquis.
The Legislature's broad policy statement for chapter 49.60 RCW does not, standing alone, support Plaintiffs' argument that age is included among the protected classes listed in RCW 49.60.030(1). The law against discrimination includes a policy statement proclaiming that discriminatory practices are "a matter of state concern." The Legislature has made it clear that the State has an obligation to eliminate and prevent discrimination because it "menaces the institutions and foundation of a free democratic state."[18] Under the heading "Purpose of chapter," RCW 49.60.010 provides, in part, that:
The legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of race, creed, color, national origin, families with children, sex, marital status, age, or the presence of any sensory, mental, or physical disability ... are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.
....
(Emphasis added.)
A declaration of policy in a legislative act, however, serves only as an important guide in determining the intended effect of the operative sections.[19] In reading the applicable statutes together to determine the legislative intent and to achieve a harmonious total statutory scheme, it becomes clear that the Legislature referred to age discrimination *642 only in RCW 49.44.090 and RCW 49.60.180 and did not intend to include it in the protected classes listed in RCW 49.60.030(1). Simply because "age" is included in the statement of purpose under RCW 49.60.010 does not support insertion by the court of "age" in the list of protected classes specified in RCW 49.60.030(1). If "age" is to be added to the statute, it must be added by the Legislature, which, despite numerous amendments since the statute was first enacted in 1949, has not done so.
That a statutory cause of action for age discrimination is available only under RCW 49.44.090 and RCW 49.60.180 is further supported by the language in RCW 49.60.205, which provides that:

No person shall be considered to have committed an unfair practice on the basis of age discrimination unless the practice violates RCW 49.44.090. It is a defense to any complaint of an unfair practice of age discrimination that the practice does not violate RCW 49.44.090.
(Emphasis added.)
By its language, RCW 49.60.205 expresses a limitation upon age discrimination claims. Under that statute, the Legislature created a defense to an age discrimination claim if the plaintiff cannot also establish a claim under RCW 49.44.090. In this case, Defendants argue that if the Legislature had intended to allow an age discrimination claim under RCW 49.60.030(1), it would have included a reference to RCW 49.60.030 in RCW 49.60.205.
Amicus Curiae Washington State Trial Lawyers Association Foundation asks this court to answer the certified question in the affirmative, citing gratuitous language by the court in Human Rights Commission v. Cheney School District Number 30, 97 Wash.2d 118, 641 P.2d 163 (1982) which, without discussion, stated that the petitioner could sue for damages for age discrimination under RCW 49.60.030.[20]
This court in Cheney did observe that the Legislature has provided no authority for the Washington State Human Rights Commission to award damages for humiliation and mental suffering, but that "[a] person who has suffered humiliation caused by discrimination may seek relief through a civil action as provided for under RCW 49.60.030."[21] The court then stated that "a hearing tribunal of the Washington State Human Rights Commission has no authority to award compensation for humiliation and mental suffering caused by unlawful age discrimination."[22] In its opinion, the court discussed RCW 49.60.250 and RCW 49.60.225 at length, but stated without explanation or citation of precedent or other statute that the petitioner "who suffered damages by humiliation and mental suffering caused by age discrimination is not without a remedy. She can sue for damages under RCW 49.60.030 which specifically grants a civil remedy for anyone injured by an act of discrimination."[23] The court mentioned RCW 49.60.030 only in one line of its conclusion without further reference or discussion.
As the court stated in Cheney, "[t]he sole issue in the ... case [was] whether a hearing tribunal of the Washington State Human Rights Commission ... has authority to award compensation for humiliation and mental suffering caused by unlawful age discrimination. We hold it has no such authority."[24]
It is obvious from a reading of the case that, despite two gratuitous references to RCW 49.60.030 in the opinion, the court did not intend to add "age" to the protected classes identified in RCW 49.60.030 when the Legislature, despite at least 10 amendments since 1949, has chosen not to do so.
Plaintiffs also contend that RCW 49.60.020 requires that RCW 49.60.030(2) be construed to provide a cause of action to an independent contractor for age discrimination. RCW 49.60.020 provides:

*643 The provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this chapter shall be deemed to repeal any of the provisions of any other law of this state relating to discrimination because of race, color, creed, national origin, sex, marital status, age, or the presence of any sensory, mental, or physical disability, other than a law which purports to require or permit doing any act which is an unfair practice under this chapter. Nor shall anything herein contained be construed to deny the right to any person to institute any action or pursue any civil or criminal remedy based upon an alleged violation of his or her civil rights.
(Emphasis added.)
The Legislature has chosen to protect employees from age discrimination only under RCW 49.44.090 and RCW 49.60.180 and merely makes an incidental reference to age under RCW 49.60.020. RCW 49.60.030(2) simply provides a cause of action and remedy for a violation of the law against discrimination in consonance with the language in RCW 49.60.030(1).
The legislative history of chapter 49.60 RCW does not support creation of a statutory cause of action for independent contractors for age discrimination under RCW 49.60.030. The statute was first enacted in 1949. The Legislature has since amended RCW 49.60.030 at least 10 times.[25] At none of those times did the Legislature amend the statute to add "age" to the protected classes listed under RCW 49.60.030(1).
Plaintiffs point out that RCW 49.60.020 provides that Washington's law against discrimination is to be liberally construed to serve its purposes. In liberally construing a statute, this court will view with caution any construction that would narrow the coverage of the law.[26] Even under liberal construction of chapter 49.60 RCW, this court will not adopt a strained or unrealistic interpretation of the statutes in that chapter.[27] Adding "age" to the list of protected classes under RCW 49.60.030(1) would result in a strained interpretation of the statute, and the court would then be engaging in legislation. Neither the statutory scheme nor the legislative history supports reading into RCW 49.60.030 a statutory cause of action for an independent contractor claiming age discrimination when age is quite obviously not included in the list of protected classes in that statute.
Plaintiffs' reliance on Marquis is misplaced because that case is readily distinguishable from this case. In Marquis, this court interpreted RCW 49.60.030(1) to recognize the civil right of an independent contractor to be free from discrimination based on sex, race, national origin, religion, or disability in the making or performing of a contract for personal services.[28] The court's decision in Marquis was limited to the protected classes listed in RCW 49.60.030(1). Age, however, is not listed as a protected class under that statute. In fact, the opinion in Marquis makes it clear that under RCW 49.60.030, an independent contractor has the initial burden of establishing a prima facie case: that the plaintiff was a member of a protected class and not merely that the plaintiff was an independent contractor.[29] This court's decision in Marquis does not support creation of a cause of action for independent contractors for age discrimination under RCW 49.60.030(1) because age is not one of the protected classes listed in it.

SUMMARY AND CONCLUSIONS
The sole issue in this case is the question certified from the United States District Court for the Eastern District of Washington asking this court to answer "whether an age *644 discrimination claim can be asserted by an independent contractor under" RCW 49.60.030. Our answer is that such a claim cannot be asserted by an independent contractor under that statute.
Under RCW 49.60.030(1), which lists protected classes under the statute, "age" is not included. The Legislature has limited its specification of protected classes in that statute to race, creed, color, national origin, sex, and disability. The only legislative reference to age discrimination in employment is in RCW 49.60.180 and RCW 49.44.090. The Legislature in RCW 49.60.205 has provided that "[n]o person shall be considered to have committed an unfair practice on the basis of age discrimination unless the practice violates RCW 49.44.090." It makes no reference to RCW 49.60.030, which specifies protected classes and does not include "age" as one.
The statutory scheme for chapter 49.60 RCW, the Washington law against discrimination, does not support adding "age" to the protected classes listed under RCW 49.60.030(1). Neither does it support reading into the statute a cause of action for an independent contractor claiming age discrimination. Inclusion of "age" in the Legislature's statement of purpose in RCW 49.60.010 also does not support adding "age" to the protected classes listed by the Legislature under RCW 49.60.030(1).
The law against discrimination, chapter 49.60 RCW, is not ambiguous, nor is the section referred to in the certified question, RCW 49.60.030, ambiguous. This court in interpreting a statute ascertains and gives effect to the intent and purpose of the Legislature in creating it. If a statute is clear on its face, its meaning is to be derived from the language of the statute alone. An unambiguous statute is not subject to judicial construction.
This court will not add language to an unambiguous statute even if it believes the Legislature intended something else but did not adequately express it. In determining legislative intent, the court looks at the entire statute, and not merely at a single sentence or a single phrase. Where possible, statutes should be read together to determine the legislative purpose to achieve a harmonious total statutory scheme which maintains the integrity of those statutes.
The Washington law against discrimination, chapter 49.60 RCW, was first enacted in 1949. The Legislature has since amended RCW 49.60.030 at least 10 times between 1957 and 1997. At none of those times did it amend the statute to add "age" to the protected classes listed in it. If we were to add "age" to the list of protected classes under RCW 49.60.030, we would be inappropriately engaging in legislation. An amendment to add "age" to that statute is a matter solely for the Legislature. Despite at least 10 amendments since 1947, it has chosen not to do so.
We answer the certified question from the United States District Court for the Eastern District of Washington in the negative: an age discrimination claim cannot be asserted by an independent contractor under RCW 49.60.030.
BRIDGE and OWENS, JJ., concur.
MADSEN, J. (concurring).
I agree with the majority that RCW 49.60.030 does not provide a cause of action for age discrimination for an independent contractor; however, I arrive at this conclusion by an alternate route.
In Marquis v. City of Spokane, this court held that an independent contractor who is discriminated against in the making or performance of a contract for employment has a cause of action for violation of the right to be free from discrimination found in RCW 49.60.030(1). Marquis v. City of Spokane, 130 Wash.2d 97, 922 P.2d 43 (1996). The statute at issue in Marquis, RCW 49.60.030(1), specifically enumerates classes of persons entitled to be free of discrimination, and includes "race, creed, color, national origin, sex, or the presence of any sensory, mental, or physical disability." It also provided that the right to be free of discrimination under RCW 49.60.030(1) "shall include, but not be limited to: (a) [t]he right to obtain and hold employment without discrimination [and then other rights are listed]." (Emphasis *645 added.) The court in Marquis relied on the expansive terms "shall include, but not be limited to" as the basis for its conclusion that an independent contractor has a cause of action for discrimination based on sex, one of the classifications protected under section.030(1).
The plaintiffs, relying on Marquis, urge this court to similarly find that they have an independent contractor cause of action, although here for age discrimination against the City of Chelan. Neither Marquis nor the statute supports such a result. The key difference between Marquis, which found a cause of action for an independent contractor, and this case, is that the claim here does not involve the rights of any persons enumerated in RCW 49.60.030(1). Unlike Marquis, which concerned a class of persons specifically defined as having the rights listed in RCW 49.60.030(1), i.e., those alleging discrimination based upon "sex", this case involves an independent contractor who alleges age discrimination based on the City of Chelan's refusal to renew a concessionaire's contract between the plaintiffs and the City.
"Age" is not a protected class listed in RCW 49.60.030(1). Indeed, this court expressly noted in Marquis that "RCW 49.60.030(1) does not include age or marital status within the enumerations of protected classes." Marquis, 130 Wash.2d at 106 n. 3, 922 P.2d 43. Because the plain language of RCW 49.60.030(1) does not include persons alleging age discrimination, a person claiming age discrimination cannot claim rights arising under RCW 49.60.030(1) through the expansive language "shall include, but not be limited to."
The "shall include, but not be limited to" language in section .030(1) was critical to the decision reached by this court in Marquis. This broad listing of rights, the court reasoned, is by its terms not exclusive, and thus leaves uncertainty as to all the rights encompassed. The court said, "RCW 49.60.030(1) is unambiguous to the extent that it sets forth a nonexclusive list of rights. However, the statute is unclear to the extent that it makes a broad statement of rights, without defining the scope of those rights." Marquis, 130 Wash.2d at 107, 922 P.2d 43. Accordingly, the court resorted to principles of statutory construction to determine whether a cause of action for sex discrimination existed for an independent contractor who had contracted to serve as the golf professional at a city golf course. The court looked to the purpose section of chapter 49.60 RCW, RCW 49.60.010, as well as the provision for liberal construction set out in RCW 49.60.020. Marquis, 130 Wash.2d at 108-09, 922 P.2d 43. The court also examined federal cases under Title VII, concluding that unlike Title VII, state law against discrimination contains a broad statement of the right to be free of discrimination in RCW 49.60.010. Marquis, 130 Wash.2d at 109-11, 922 P.2d 43. Finally, the court gave great weight to the view of the Human Rights Commission, the agency charged with administration, that an independent contractor is not protected under RCW 49.60.180 with regard to unfair practices in employment, but does have such protection under RCW 49.60.030(1), with that civil right enforceable through an action brought under RCW 49.60.030(2). Marquis, 130 Wash.2d at 111-12, 922 P.2d 43 (quoting and discussing WAC 162-16-170). The court concluded that although the plaintiff in Marquis was not an "employee" within the meaning of chapter 49.60 RCW, she nevertheless was entitled to bring a sex discrimination action against the City as an independent contractor based on the language of section .030(1).
By its clear language, RCW 49.60.030(1) does not include discrimination based upon "age" within the classifications of persons discriminated against. Because the class ("age") is not included, there are no rights to be free of age discrimination within the inclusive language of section .030(1) and, therefore, no relevant ambiguity to resolve under principles of statutory construction, as there was in Marquis. Accordingly, there is no cause of action in this case arising from RCW 49.60.030(1), unlike in Marquis.
However, RCW 49.60.030(2) does provides a cause of action for "[a]ny person deeming himself or herself injured by any act in violation of this chapter" to enjoin further violations or to recover actual damages or both. RCW 49.60.030(2) (emphasis *646 added). The words "this chapter" in section.030(2) clearly refer to chapter 49.60 RCW. Therefore, under RCW 49.60.030(2), there may be a cause of action for age discrimination, provided the acts complained of constitute conduct proscribed by the chapter.
While there are no rights respecting age discrimination in RCW 49.60.030(1), there are other provisions in chapter 49.60 RCW that do set out acts of age discrimination. RCW 49.60.180 sets out unfair practices of employers, including refusing to hire because of age, discharging or barring any person from employment because of age, and discrimination in compensation or other terms and conditions of employment because of age. By its terms, RCW 49.60.180 defines violations of chapter 49.60 RCW committed by employers.[1]
Plaintiffs were not employees, and the City of Chelan was not their employer, as they affirmatively state: "Under the [concession] contract, the Kilians were self-employed proprietors of a concession business in the City. They were not employees of the City." Pl. [s] Opening Br. at 2; see Marquis, 130 Wash.2d at 110, 922 P.2d 43. Thus, they do not allege any violation of RCW 49.60.180.
Moreover, as the federal district court correctly ruled, they are barred by RCW 49.60.180 from bringing an age discrimination claim unless the alleged unfair practice also violates RCW 49.44.090. That statute is brought within the scope of chapter 49.60 RCW by RCW 49.60.205, which states that "[n]o person shall be considered to have committed an unfair practice on the basis of age discrimination unless the practice violates RCW 49.44.090." RCW 49.44.090 provides in relevant part:
It shall be an unfair practice:
(1) For an employer or licensing agency, because an individual is forty years of age or older, to refuse to hire or employ or license or to bar or to terminate from employment such individual, or to discriminate against such individual in promotion, compensation or in terms, conditions or privileges of employment ....
(2) For any employer, licensing agency or employment agency to print or circulate or cause to be printed or circulated any statement, advertisement, or publication, or to use any form of application for employment or to make any inquiry in connection with prospective employment, which expresses any limitation, specification or discrimination respecting individuals forty years of age or older ....
Thus, like RCW 49.60.180, RCW 49.44.090 permits an age discrimination claim in the employee-employer, licensing and employment agency settings.
The only other relevant provisions of chapter 49.60 RCW pertaining to age discrimination that are cited by plaintiffs are RCW 49.60.010 and .020. The first of these is a general policy statement. As the majority properly points out, this section does not set forth a cause of action; instead, it serves as a guide in determining the intended effect of operative sections of the chapter. Majority at 641 (citing Oliver v. Harborview Med. Ctr., 94 Wash.2d 559, 565, 618 P.2d 76 (1980)); see also City of Moses Lake v. Grant County, 39 Wash.App. 256, 261, 693 P.2d 140 (1984) ("where the Legislature prefaces an enactment with a statement of purpose, that declaration, while serving as a guide in comprehending the intended effect of operative sections, nevertheless, is without operative force.") The second, RCW 49.60.020, provides that chapter 49.60 RCW is subject to the rule of liberal construction, but in and of itself does not provide for a cause of action, either.
It is clear that the Legislature did not intend to include age in RCW 49.60.030(1). The Legislature has amended RCW 49.60.030 a dozen times beginning in 1957, and has not chosen to include "age" within RCW 49.60.030(1) on any of those occasions. By way of contrast, in 1971 the Legislature added "sex" as a class protected from unfair practices in employment to RCW 49.60.180. Laws of 1971, Ex.Sess. ch. 81, § 3. It added *647 "sex" as a class to RCW 49.60.030(1) in 1973. Laws of 1973, 1 Ex.Sess., ch. 141, § 3. In 1973, the Legislature added "the presence of any sensory, mental, or physical handicap" to RCW 49.60.180. Laws of 1973, 1st Ex. Sess., ch. 214, § 6.[2] At the same time, the Legislature added the same language to RCW 49.60.030(1). Laws of 1973, 1st Ex.Sess., ch. 214, § 3.
"Age" was added to the class protected under RCW 49.60.180 in 1961. Laws of 1961, ch. 100, § 1. It was added to RCW 46.60.010 and to RCW 49.60.020 in 1973. Laws of 1973, ch. 141, §§ 1, 2. However, "age" has never been added to the enumerated classes protected under RCW 49.60.030(1), despite the fact the statute has been amended eleven times since "age" was added to RCW 49.60.180.[3] When the Legislature has intended that a class be protected under RCW 49.60.030(1), it has amended the statute to include that class, as it did for "sex" within two years of including it in RCW 49.60.180, and as it did when it included "handicaps" (later disabilities) in both statutes in the same year.
This court should not presume the Legislature simply overlooked including "age" as a classification entitled to protection under RCW 49.60.030(1). The Legislature has very deliberately acted to include other classifications in RCW 49.60.030(1) when it has included them elsewhere in chapter 49.60 RCW, but, despite adding "age" to RCW 49.60.180 in 1961, and to RCW 49.60.010 and .020 in 1973, it has never included "age" in RCW 49.60.030(1). I would not rewrite the statute to include a class the Legislature has not included.
Because there are no alleged facts that would constitute a violation of any of the provisions of chapter 49.60 RCW, plaintiffs have no cause of action under RCW 49.60.030(2). Therefore, to answer the certified question, plaintiffs have no cause of action under RCW 49.60.030. With this clarification, I respectfully concur in the majority opinion.
ALEXANDER, C.J. and JOHNSON, J., concur.
CHAMBERS, J. (dissenting).
I conclude that the plain language of RCW 49.60.030 creates a statutory cause of action for age discrimination. The primary purpose of statutory construction is to determine and effectuate legislative intent. Duke v. Boyd, 133 Wash.2d 80, 87, 942 P.2d 351 (1997). We must look to all language in the statute and give it effect; no portion should be rendered meaningless or superfluous. Svendsen v. Stock, 143 Wash.2d 546, 555, 23 P.3d 455 (2001). Because I conclude that the majority's reading departs from the language of the statute and renders meaningless the express language of RCW 49.60.030(2), "[a]ny person deeming himself or herself injured by any act in violation of this chapter shall have a civil action" (emphasis added), I respectfully dissent.

THE CERTIFIED ISSUE
The issue certified by the United States District Court for the Eastern District of Washington: "Does RCW 49.60.030 allow an independent contractor to pursue a claim of age discrimination?" The majority mistakes the issue briefed by the defendant for the issue certified by the United States District Court. The question before us is simply whether an age discrimination claim can be asserted by an independent contractor under RCW 49.60.030. The majority instead answers the question presented by the defendant: whether age is among the protected classes set forth in RCW 49.60.030(1). As we recognized in Marquis v. City of Spokane, 130 Wash.2d 97, 106, 922 P.2d 43 (1996), age is not among the protected classes explicitly enumerated in RCW 49.60.030(1). But this is not the question before us. The question *648 before us requires us to look beyond one subsection of the statute and look to the entire statute, and according to the express language of that statute, the entire chapter.

STATUTORY CAUSE OF ACTION
To answer the United States District Court's certified question, we must determine whether an age discrimination claim can be asserted under RCW 49.60.030. That statute states in relevant part, "[a]ny person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court ... to enjoin further violations, or to recover the actual damages sustained by the person, or both." RCW 49.60.030(2) (emphasis added). This creates a statutory cause of action for prospective injunctive relief and compensatory damages where a party demonstrates a violation of chapter 49.60 RCW. Unfortunately, the majority reads "this chapter" to mean "this section." The majority's interpretation of RCW 49.60.030(2) does not give effect to the plain language of RCW 49.60.030(2); it renders the language which expressly incorporates any act in violation of chapter 49.60 RCW as the injury for purposes of RCW 49.60.030(2)'s cause of action meaningless and undercuts this Court's opinion in Bennett v. Hardy, 113 Wash.2d 912, 921, 784 P.2d 1258 (1990).
I agree with the majority that the Legislature's broad policy statement for chapter 49.60 RCW, standing alone, would not be sufficient to create a cause of action for age discrimination. But RCW 49.60.010 does not stand alone. RCW 49.60.030(2) contained in the very statute the federal court asks us to construe is the provision of Washington's Law Against Discrimination chapter which specifically contains the Legislature's grant of a cause of action to a party. Because RCW 49.60.030(2) specifically provides a cause of action for any act in violation of the entire chapter 49.60 RCW, and because RCW 49.60.010[1] defines discrimination on the basis of age as a discriminatory practice, discrimination on the basis of age is necessarily an act in violation of this chapter. Therefore, RCW 49.60.030 must allow a party to pursue a claim for age discrimination.
We do not look to the Legislature's broad policy statement in RCW 49.60.010 for the creation of age as a protected class or for the creation of a cause of action for age discrimination. We do look to the Legislature's broad policy statement, and chapter 49.60 RCW generally, for antidiscrimination standards whose violation causes the legal injury redressed by RCW 49.60.030(2)'s cause of action. The plain language of RCW 49.60.030(2) provides a statutory cause of action to any party who demonstrates any act in violation of this chapter without further limitation. RCW 49.60.030(2) does not limit itself to protected classes. The proper question for standing to sue under RCW 49.60.030 is not membership in a class protected by RCW 49.60.030(1); the proper question is whether a person demonstrates a violation of the antidiscrimination standards embodied in Washington's Law Against Discrimination.
RCW 49.60.010's purpose statement provides just such an antidiscrimination standard: "The legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of ... age ... are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundations of a free democratic state." RCW 49.60.180[2] *649 and RCW 49.60.205 also specifically mention age discrimination. RCW 49.60.180 articulates the Legislature's finding that age discrimination is an unfair practice of employers; RCW 49.60.205 specifically subjects age discrimination claims to certain defenses set forth in RCW 49.44.090, strongly implying that the Legislature believed such discrimination was actionable.[3] The majority's reading makes RCW 49.60.205 sadly superfluous.
Finally, as we noted in Marquis, the Washington Law Against Discrimination "requires liberal construction in order to accomplish the purposes of the law." Marquis, 130 Wash.2d at 108, 922 P.2d 43. The purpose is to end discrimination. Refusing to allow claims does not further that goal.

INDEPENDENT CONTRACTOR STATUS
In Marquis, we held that the broad recognition of rights contained in RCW 49.60.030(1) included the right of an independent contractor to be free of discrimination based on sex, race, national origin, religion, or disability in the making or performing of a contract for personal services. Marquis, 130 Wash.2d at 112-13, 922 P.2d 43 ("we hold the broad recognition of rights contained in RCW 49.60.030(1) includes the right of an independent contractor to be free of discrimination based on sex, race, national origin, religion, or disability in the making or performing of a contract for personal services."). Marquis did not limit RCW 49.60.030(2)'s cause of action to violation of rights specifically enumerated in RCW 49.60.030(1), nor could it as this would patently disregard the plain language of RCW 49.60.030(2) stating that any person injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction.
The issue considered in Marquis was limited to the protected classes set forth in RCW 49.60.030(1). This was because the City of Spokane argued that independent contractors were not employees for purposes of RCW 49.60.030(1)(a) and, therefore, could not be members of a protected class under RCW 49.60.030(1). In rejecting this contention and holding that independent contractors were employees for purposes of chapter 49.60 RCW, the Court never considered whether RCW 49.60.030(2)'s cause of action was limited to members of RCW 49.60.030(1)'s protected classes. Rather, the Court simply determined that (1) independent contractors were employees for purposes of RCW 49.60.030(1)(a), and (2) Marquis could therefore be a member of RCW 49.60.030(1)'s protected classes. Therefore, any discussion of age discrimination is dicta.

CONCLUSION
The certified question requires us to determine the scope of injury the Legislature meant to redress. The statutory cause of action under RCW 49.60.030 is specifically contained in RCW 49.60.030(2). RCW 49.60.030(2)'s plain language extends a cause of action to "[a]ny person deeming himself or herself injured by any act in violation of this chapter." The plain language of RCW 49.60.030(2) vests a party with a statutory cause of action for prospective injunctive relief and compensatory damages where that party demonstrates an injury by any act in violation of chapter 49.60 RCW, not where a party demonstrates membership in a protected class and an act of discrimination against them based upon their membership in that class. RCW 49.60.030(2) plainly defines the legal injury for its cause of action specifically as "any act in violation of this chapter."
The plain language of RCW 49.60.030(2) expressly requires us to look to violations of chapter 49.60 RCW in determining whether a party has stated a legal injury for purposes of standing to sue under RCW 49.60.030. *650 Accordingly, I conclude that whether an age discrimination claim can be asserted by an independent contractor under RCW 49.60.030 is to be determined by giving effect to the plain language of RCW 49.60.030. A discrimination cause of action under RCW 49.60.030(2) accrues for any person who demonstrates an injury by any act in violation of Washington's Law Against Discrimination chapter. While this certainly includes members of a protected class who demonstrate discrimination on the basis of class membership, the Legislature did not preclude persons outside a protected class from suing under this provision. Instead, the Legislature granted any person who can show that he or she suffered injury by an act of discrimination in violation of chapter 49.60 RCW the right to sue for prospective injunctive relief and compensatory damages under this provision.
The guaranty of a remedy for any person whose rights and privileges are infringed by the discriminatory acts of another is not membership in a protected class, but violation of an antidiscrimination standard of Washington's Law Against Discrimination chapter. I would therefore answer the question certified by the United States District Court in the affirmative: RCW 49.60.030 allows an independent contractor to pursue a claim of age discrimination.
SANDERS and IRELAND, JJ., concur.
NOTES
[1] There being no trial record before this court, for contextual purposes only the facts stated are based substantially upon the United States District Court "Order Denying Summary Judgment In Part, Inter Alia," Sections I, II, and III D. No conclusion is intended on any facts stated. Actual facts must be determined by the trier of fact in the United States District Court.
[2] Under the contract, the Plaintiffs were not employees of the City of Chelan, but were self-employed proprietors of a concessionaire business.
[3] Limstrom v. Ladenburg, 136 Wash.2d 595, 607, 963 P.2d 869 (1998).
[4] State v. Keller, 143 Wash.2d 267, 276, 19 P.3d 1030 (2001), cert. denied, ___ U.S. ___, 122 S.Ct. 1070, 151 L.Ed.2d 972 (2002).
[5] Id.
[6] Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs., 133 Wash.2d 894, 904, 949 P.2d 1291 (1997); see also Marquis v. City of Spokane, 130 Wash.2d 97, 107, 922 P.2d 43 (1996).
[7] Keller, 143 Wash.2d at 276, 19 P.3d 1030.
[8] Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 808, 16 P.3d 583 (2001).
[9] Davis v. State ex rel. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999).
[10] Keller, 143 Wash.2d at 277, 19 P.3d 1030.
[11] Buchanan v. Simplot Feeders, Ltd. P'ship, 134 Wash.2d 673, 682, 952 P.2d 610 (1998).
[12] Keller, 143 Wash.2d at 277, 19 P.3d 1030 (quoting State v. Thorne, 129 Wash.2d 736, 761, 921 P.2d 514 (1996)).
[13] Id.
[14] Davis, 137 Wash.2d at 963, 977 P.2d 554.
[15] Progressive Animal Welfare Soc'y v. Univ. of Washington, 114 Wash.2d 677, 688, 790 P.2d 604 (1990).
[16] Associated Gen. Contractors v. King County, 124 Wash.2d 855, 865, 881 P.2d 996 (1994).
[17] 130 Wash.2d 97, 106, 922 P.2d 43 (1996).
[18] RCW 49.60.010.
[19] Oliver v. Harborview Med. Ctr., 94 Wash.2d 559, 565, 618 P.2d 76 (1980).
[20] 97 Wash.2d 118, 130, 641 P.2d 163 (1982).
[21] Id.
[22] Id.
[23] Id. at 124, 641 P.2d 163.
[24] Id. at 119, 641 P.2d 163.
[25] RCW 49.60.030 was amended in 1957, 1969, 1973, 1974, 1977, 1979, 1984, 1993, 1995 and 1997. For example, see Laws of 1993, ch. 69, § 1 (adding "disability") and ch. 510, § 3 (adding "disability or the use of a trained guide dog or service dog by a disabled person"); Laws of 1997, ch. 271, § 2 (changing "guide dog" to "dog guide" and changing "service dog" to "service animal").
[26] Marquis, 130 Wash.2d at 108, 922 P.2d 43.
[27] Bird-Johnson Corp. v. Dana Corp., 119 Wash.2d 423, 427, 833 P.2d 375 (1992).
[28] Marquis, 130 Wash.2d at 112-13, 922 P.2d 43.
[29] Id. at 112, 922 P.2d 43.
[1] Marquis explicitly held that because an independent contractor is not an employee under the chapter, a contractor has no cause of action under RCW 49.60.180 except through the rights found in section .030(1).
[2] This language was later altered to conform to use of the term "disability" rather than "handicap".
[3] Laws of 1997, ch. 271, § 2; Laws of 1995, ch. 135, § 3; Laws of 1993, ch. 510, § 3; Laws of 1993, ch. 69, § 1; Laws of 1984, ch. 32, § 2; Laws of 1979, ch. 127, § 2; Laws of 1977, Ex. Sess., ch. 192, § 1; Laws of 1974, Ex.Sess., ch 32. § 1; Laws of 1973, 1st Ex.Sess., ch. 214, § 3; Laws of 1973, ch. 141, § 3; Laws of 1969, 1st. Ex.Sess., ch. 167, § 2.
[1] This chapter shall be known as the "law against discrimination". It is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights. The legislature hereby finds and declares that practices of discrimination against any of its inhabitances because of ... age ... [is] a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.
[2] It is an unfair practice for any employer:

(1) To refuse to hire ... because of age.
(2) To discharge or bar any person from employment because of age.
(3) To discriminate against any person ... because of age.
[3] RCW 49.60.205 says, "No person shall be considered to have committed an unfair practice on the basis of age discrimination unless the practice violates RCW 49.44.090." It creates certain defenses to age discrimination claims. For example, it is not age discrimination under Washington law to refuse to hire, or to terminate, an employee who is physically unable to do the work.