Linda Villegas Bremer, Director Department of General Administration P.O. Box 41000 Olympia, WA 98504-1000
Dear Director Bremer:
By letter previously acknowledged, you have asked for an opinion on questions we have combined and paraphrased as follows:
 Does the definition of "public body" in RCW 39.10.210(12) include public housing authorities?
 BRIEF ANSWER
The definition of "public body" in RCW 39.10.210(12) includes public housing authorities.
 ANALYSIS
You ask about the extent to which certain provisions of RCW 39.10 apply to public housing authorities organized under RCW 35.82. RCW 39.10 is a relatively new statute (extensively amended by Laws of 2007, ch. 494) authorizing certain alternative public works contracting procedures and prescribing the conditions in which these procedures may be used. See RCW39.10.200. For purposes of this chapter, the term "alternative public works contracting procedure" means "the design-build, general contractor/construction manager, and job order contracting procedures authorized in RCW 39.10.300, 39.10.340, and 39.10.420, respectively." RCW39.10.210(1). The first two of these three alternative contracting procedures may be utilized, under circumstances described, by public bodies. RCW 39.10.300 (design-build procedure), .340 (general contractor/construction manager procedure).[1] The term "public body" *Page 2 
is defined as "any general or special purpose government, including but not limited to state agencies, institutions of higher education, counties, cities, towns, ports, school districts, and special purpose districts." RCW 39.10.210(12).
In furtherance of the chapter's goals, RCW 39.10 created the Capital Projects Advisory Review Board (CPARB) (RCW 39.10.220, .230) which in turn establishes a Project Review Committee (PRC) (RCW 39.10.240, .250). These two bodies are given a variety of duties with respect to the use of the alternative contracting procedures authorized by the chapter. As relevant to this opinion, RCW 39.10.270 authorizes the PRC to certify the use of the design-build or general contractor/construction manager contracting procedures for public bodies. A public body not certified to use these procedures may apply to use one of them for a particular project. RCW 39.10.280. PRC determinations may be appealed to CPARB. RCW 39.10.290. One important consequence of determining that an entity is a public body for purposes of RCW 39.10 is that the entity will be subject to PRC/CPARB approval as set forth in that chapter.
Public housing authorities are created in a series of statutes codified as RCW 35.82. RCW 35.82.030 creates a housing authority as a "public body corporate and politic" within each city or county of the state. However, no housing authority is authorized to exercise its powers unless the governing body of the city or county adopts a resolution activating its housing authority. RCW 35.82.030. Once activated, a public housing authority is a separate public body, the powers and duties of which relate primarily to the acquisition, construction, and operation of public housing. RCW 35.82.070.
Public housing authorities thus fall within the definition of "public body" quoted earlier from RCW 39.10.210(12). They are special purpose districts created to provide public housing and are analogous to ports, public utility districts, school districts, and other local governments created for various special purposes. Accordingly, public housing authorities are among the public bodies required to comply with the terms of RCW 39.10 in order to engage in alternative public works contracting procedures.
Our analysis would end here, except for the possible effect of RCW 35.82.070(10). That statute provides that "[n]o provisions of law with respect to the acquisition, operation or disposition of property by other public bodies shall be applicable to an authority unless the legislature shall specifically so state." RCW 35.82.070(10). We must therefore determine whether RCW 39.10 is a "provision[] of law with respect to the acquisition, operation or disposition of property" . RCW 35.82.070(10). If so, then public housing authorities would be exempt from compliance with RCW 39.10.
We conclude that RCW 39.10 is not a statute relating to the acquisition, operation, or disposition of property and, therefore, RCW35.82.070(10) does not exempt public housing from the provisions of RCW39.10. *Page 3 
RCW 39.10 governs contracts for public works, such as contracts for the construction of buildings, roads, bridges, and other structures intended for public use. For its definition of "public works project," RCW39.10.210(14) cross-references RCW 39.04.010, which in turn defines "public work" as "all work, construction, alteration, repair, or improvement other than ordinary maintenance, executed at the cost of the state or of any municipality" . RCW 39.04.010(4). To determine whether RCW 39.10 is a "provision of law with respect to the acquisition, operation or disposition of property," we must determine what these terms mean. The terms are not specifically defined in the statute itself, so we begin by giving them their plain and ordinary meaning. King Cy. FireProt. Dists. v. Hous. Auth., 123 Wn.2d 819, 872 P.2d 516 (1994). The dictionary defines "property" as "something that may be owned or possessed." Webster's Third New International Dictionary 1818 (2002). We would understand the term, used in reference to a "public body," to include a state or local agency's real property (land and interests in land) as well as its personal property. Thus, a law governing the acquisition, operation, or disposition of either real or personal property would fall within the scope of RCW 35.82.070(10).
It might be plausibly argued that public works statutes such as RCW 39.10
relate to the acquisition of property, in that constructing a building or other structure is, in a sense, "acquiring" new property. The ordinary meaning of "acquisition" focuses on the transfer of ownership or possession of property. See Webster's Third New International Dictionary18 (defining "acquire" in terms of taking possession or control of property). Property is "acquired" by a public body when that body obtains legal title, leasehold rights, or some other form of legal authorization to hold and use the property in question. By contrast, a "public work" is "construction, alteration, repair or improvement" . RCW 39.04.010(4). Such terms suggest that public works laws are focused upon building or improving property, rather than upon obtaining property from another. SeeWebster's Third New International Dictionary 489 (defining "construct" to mean, in pertinent part, "to form, make or create by combining parts or elements"). This work might be performed in connection with the acquisition of property, but it also might be performed without acquiring any new property. (Remodeling existing structures is an obvious example.) Also, property of any kind may be acquired without involving any public works project. In light of these facts, we reject the notion that a public works law is a law regarding the acquisition of property.
The next issue is whether RCW 39.10 and other public works statutes relate to the "operation" of property. While there is a lack of clarity as to what the "operation of property" is, the only case law available construes "operation" quite narrowly. The definition of the term was key in the King County Fire Protection case, in which several fire protection districts sued a public housing authority to compel the housing authority to enter into contracts for fire protection and emergency medical services as required by RCW 52.30.020. The housing authority asserted, among other arguments, that RCW 35.82.070(10) applied and rendered RCW52.30.020 inapplicable to housing authorities. The Washington Supreme Court determined that the term "operation" should first be read according to its plain and ordinary meaning. King Cy. Fire, 123 Wn.2d at 828. The Court held that "operation" means "the whole process of planning for and operating a business or other organized unit." Id. (citing Webster's ThirdNew *Page 4 International Dictionary 1581 (1971)). The Court then concluded that the term "operation" should not be read so broadly as to encompass a statute requiring a public agency to contract for essential services like fire protection, and that to do so would exempt public housing authorities from virtually all general Washington statutes. Id. at 828""29. The implication of the decision is that the term "operation" encompasses the management and use of the facility once built, but not its construction.
This conclusion finds further support in the fact that elsewhere in the same statute, the Legislature used the word "construction" in a manner that contrasts with acquisition or operation of property. That is, in listing functions that public housing authorities are authorized to perform with regard to housing projects, the statute uses all three words' acquire, operate, and construct. RCW 35.82.070(2).[2] The use of each of these words only a few paragraphs ahead of the language exempting housing authorities from laws regarding the "acquisition, operation or disposition of property" suggests that the Legislature did not equate "construction" with either "acquisition" or "operation."Simpson Inv. Co. v. Dep't of Rev., 141 Wn.2d 139, 160, 3 P.3d 741 (2000) ("Just as it is true that the same words used in the same statute should be interpreted alike, it is also well established that when different words are used in the same statute, it is presumed that a different meaning was intended to attach to each word") (internal quotation marks omitted). Similarly, RCW 35.82.076 authorizes a public housing authority to use a small works roster to award contracts under RCW 39.04.155. Implicit in this provision is the Legislature's recognition that public housing authorities otherwise are subject to the statutes that govern contracting for public works. If they are not, then the authorization to use the small works roster would be unnecessary, a result that should be avoided when construing a statute. Kilian v. Atkinson, 147 Wn.2d 16, 21,50 P.3d 638 (2002) ("Statutes must be construed so that all the language is given effect and no portion is rendered meaningless or superfluous").
The Washington Supreme Court has previously concluded that one other element of state public works laws' the requirement of payment of prevailing wages' does apply to public housing authorities. Drake v.Molvik Olsen Electric, Inc., 107 Wn.2d 26, 28, 726 P.2d 1238 (1986). In that case, the Court concluded, first, that the prevailing wage laws applied to public housing authority projects as a general proposition and, second, that the state prevailing wage laws applied on federally-funded projects. In reaching this conclusion, the Court adopted the analysis of a prior opinion of this office, in which we reached the same conclusion. AGO *Page 5 
1983 No. 2. Neither opinion makes mention of the language now codified at RCW 35.82.070(10), although our opinion directly quoted from other portions of RCW 35.82.070. AGO 1983 No. 2, at 3-4. The prevailing wage law relates primarily to the construction of public works (RCW 39.12.020), so Drake and AGO 1983 No. 2 are consistent with the conclusion that prevailing wage laws are not laws related to the acquisition or operation of property.[3] As noted earlier, the prevailing wage statutes, like RCW 39.10, relate directly to public works. Prevailing wage statutes apply to public housing authorities. Drake, 107 Wn.2d at 29; AGO 1983 No. 2, at 4-5. The implication, accordingly, is that the term "provision of law with respect to the acquisition, operation or disposition of property" does not include laws relating to public works, including RCW 39.10, which otherwise (according to its terms) covers all state and local public agencies. Although there is room for argument, the narrower reading of the term "operation of property" is more consistent with the case precedent available. Therefore, we answer your question in the affirmative.[4]
We hope the foregoing will prove useful.
ROB MCKENNA Attorney General
James K. Pharris Deputy Solicitor General
:wrs
:pmd
[1] The third alternative procedure covered by RCW 39.10 (job order contracting procedure) may be used by any of several categories of state and local agencies specified in statute. RCW 39.10.420. Public housing authorities are not among the public bodies specified. The Capital Projects Advisory Review Board (CPARB) is much less heavily involved in the job order contracting procedure than in the other two procedures described in RCW 39.10, although CPARB does collect information about the use of job orders by public bodies. RCW 39.10.460.
[2] The cited provision authorizes public housing authorities to: prepare, carry out, acquire, lease and operate housing projects; to provide for the construction, reconstruction, improvement, alteration or repair of any housing project or any part thereof; to agree to rent or sell dwellings forming part of the projects to or for persons of low income. Where an agreement or option is made to sell a dwelling to a person of low income, the authority may convey the dwelling to the person upon fulfillment of the agreement irrespective of whether the person is at the time of the conveyance a person of low income. Leases, options, agreements, or conveyances may include such covenants as the authority deems appropriate to assure the achievement of the objectives of this chapter. RCW 35.82.070(2) (emphasis added).
[3] Although Drake doesn't specifically discuss RCW 35.82.070(10), a review of the briefs filed in that case reveals that the question of whether RCW 35.82.070(10) exempted housing authorities from the prevailing wage law was a substantial focus of the parties' arguments. Appellants' Opening Brief at 10-13 and Brief of Respondent Seattle Housing Authority at 14-20, Drake v. Molvik Olsen Electric, Inc., 107 Wn.2d 26
(1986) (No. 51398-8) (reprinted in Briefs 107(2d) Washington, Vol. 1, tab 2). In reaching its decision, then, the Court was aware of this statutory exception, so its decision can best be explained as implicitly rejecting the argument that housing authorities were exempted from the law by virtue of it, although we could not describe this conclusion as a "holding" of the Court.
[4] In the Drake case, the housing authority asserted that state law on a particular project was preempted by federal regulations. We recognize the possibility that federal preemption might be an issue here as well, at least as to certain projects, but that issue would be fact dependent and beyond the scope of your question. Accordingly, we do not analyze it in this opinion.