# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TBF FINANCIAL, LLC, | ) | DIVISION ONE |
| Respondent, | ) | NO. 70662-4-I |
| v. | ) | |
| STAY IN HOME MORTGAGE, INC., a Washington corporation; MARTIN TAYLOR and JUDY TAYLOR, and their marital community, | ) | UNPUBLISHED OPINION |
| Defendants, | ) | |
| BORIS PETRENKO, | ) | |
| Appellant. | ) | FILED: March 2, 2015 |

DWYER, J. — Attorney Boris Petrenko appeals a trial court order imposing sanctions against him pursuant to Civil Rule 11 for filing a baseless and frivolous motion on behalf of his client. Because Petrenko fails to establish that the trial court abused its discretion in determining to impose sanctions, we affirm.

I

In 2006, Stay In Home Mortgage, Inc. leased business equipment from CIT Technology Financing Services, Inc. In 2011, CIT assigned the lease to TBF Financial, LLC. When Stay In Home Mortgage failed to make its lease payments, TBF sued for breach of contract. TBF is a limited liability company (LLC) organized and registered in Illinois. It is undisputed that TBF is not registered to transact business in Washington.

Petrenko filed a notice of appearance for Stay In Home Mortgage. On February 7, 2013, Petrenko filed a motion to dismiss, contending that TBF was barred from bringing suit in Washington pursuant to RCW 19.80.040, which provides that "[n]o person or persons carrying on, conducting, or transacting business under any trade name shall be entitled to maintain any suit in any of the courts of this state" without registering in Washington.

On April 5, TBF sent a letter to Petrenko stating that RCW 19.80.040 did not apply because TBF did not operate under a trade name and never had done so. TBF stated it would move for sanctions under CR 11 if Petrenko did not withdraw the motion by April 15. On April 8, TBF sent an e-mail to Petrenko reiterating its intention to request sanctions.

Petrenko did not withdraw the motion. TBF filed a response explaining that it did not operate under a trade name and that "TBF Financial, LLC" was its true and real name. TBF provided a copy of its registration with the Illinois Secretary of State showing the entity name registered as "TBF Financial, LLC," as well as a declaration from a manager stating that TBF "only uses its true and legal name TBF Financial, LLC." TBF also asserted that even if it did operate under a trade name, RCW 19.80.040 did not apply because TBF was not "transacting business" in Washington as defined by RCW 25.15.350.[1] TBF

---

[1] RCW 25.15.350 provides examples of activities that "do not constitute transacting business" for the purpose of requiring a foreign LLC to register in Washington. These include "[m]aintaining or defending any action or suit" and "[s]ecuring or collecting debts or enforcing mortgages and security interests in property securing the debts." RCW 25.15.350(a), (h). TBF offered the affidavit of one of its managers stating, "[t]he only business that TBF transacts in the State of Washington relates to the collection of debts."

requested the trial court impose sanctions against Petrenko under CR 11 for filing a frivolous motion.

In reply, Petrenko asserted a new theory that TBF was "transacting business" in Washington because the complaint sought the residual value of the leased equipment in damages.[2] Without any relevant supporting evidence, Petrenko claimed that TBF sold business equipment for its residual value and that TBF's "numerous litigations brought in various counties of the State of Washington clearly indicate commercial nature of TBF Financial, LLC claims [sic]."

On June 21, the trial court denied Petrenko's motion. The trial court found that "TBF does not use a trade name [and] is not required to register its name with the Washington Secretary of State." The trial court found that the motion was "not well grounded in fact or warranted by existing law and is frivolous," and that Petrenko "received adequate notice that his motion was frivolous and that TBF would move for sanctions and request[] terms should [he] fail to withdraw his frivolous motion." The trial court imposed sanctions against Petrenko pursuant to CR 11, reserving the amount for a future ruling after the parties submitted briefing on the issue.[3] Petrenko appeals the order of sanctions.

---

[2] It is clear that Petrenko was attempting to claim TBF was barred from bringing suit pursuant to RCW 19.80.040 because it was "transacting business" under a "trade name" without registering in Washington. Petrenko did not argue to the trial court that TBF was barred from bringing suit pursuant to RCW 25.15.340(1), which prohibits "[a] foreign limited liability company doing business" in Washington from bringing suit unless it has registered in Washington.

[3] TBF and Stay In Home Mortgage ultimately agreed on settlement terms and the suit was dismissed. The trial court retained jurisdiction over the case for the limited purpose of enforcing judgment against Petrenko. A review of the record shows that the trial court has yet to rule on the amount of sanctions.

II

The signature of a party or attorney on a pleading constitutes a certificate by that party or attorney that the pleading is well grounded in fact, warranted by existing law or a good faith argument for a change in existing law, is not interposed for an improper purpose, and contains only factual contentions or denials warranted by the evidence. CR 11(a). Where a pleading is signed in violation of the rule, "the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction," which may include reasonable attorney fees and expenses. CR 11(a). We review an award of sanctions under CR 11 for an abuse of discretion. Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

The trial court's decision to impose CR 11 sanctions against Petrenko was well within its discretion. There was no factual or legal basis for Petrenko's continued assertion—in the face of repeated explanations to the contrary—that TBF operated under a trade name. "Trade name" is defined as

> a word or name, or any combination of a word or name, used by *a person* to identify the person's business which:
> (a) Is not, or does not include, the true and real name of all persons conducting the business; or
> (b) Includes words which suggest additional parties of interest such as "company," "and sons," or "and associates."

RCW 19.80.005(4) (emphasis added). RCW 19.80.005(3) defines "person" as "any individual, partnership, *limited liability company*, or corporation conducting or having an interest in a business in the state." (Emphasis added.) Thus, a

-4-

limited liability company that operates under its true name is not operating under a trade name.

There is no evidence in the record that TBF operated under anything other than its true and real name, which is TBF Financial, LLC. Petrenko appears to be laboring under the misconception that no LLC can have a true and real name. This view is plainly contrary to the words of the statute. Moreover, as the trial court noted, such an interpretation would lead to the nonsensical result that all LLCs must register their true and real name as a trade name. This is inconsistent with the stated purpose of chapter 19.80 RCW, which is "[t]o require each person who is conducting business in the state of Washington under a trade name to disclose the true and real name of each person conducting that business, and . . . to provide a central registry of businesses operating under a trade name in the state of Washington." RCW 19.80.001. It is also inconsistent with RCW 25.15.350, which exempts LLCs that engage in certain activities from the requirement to register in Washington. When construing statutes, we avoid interpretations "that yield unlikely, absurd or strained consequences." Kilian v. Atkinson, 147 Wn.2d 16, 21, 50 P.3d 638 (2002). We also examine the "'words of a particular provision in the context of the statute in which they are found, together with related statutory provisions, and the statutory scheme as a whole.'" Tesoro Ref. & Mktg. Co. v. Dep't of Revenue, 164 Wn.2d 310, 319, 190 P.3d 28 (2008) (quoting Burns v. City of Seattle, 161 Wn.2d 129, 140, 164 P.3d 475 (2007)).

Because the trial court did not abuse its discretion in determining that Petrenko's claim that TBF operated under a trade name was "not well grounded in fact or warranted by existing law and is frivolous," we need not address the merits of Petrenko's claim that TBF was "transacting business" in Washington.

TBF requests attorney fees incurred in defending this appeal, arguing that the appeal is frivolous. RAP 18.9. An appeal is frivolous if it is so totally devoid of merit that there is no reasonable possibility of reversal. Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd., 107 Wn.2d 427, 443, 730 P.2d 653 (1986). This appeal is frivolous because Petrenko presents no new issues or arguments on appeal and the motion was frivolous below. TBF is entitled to an award of fees and costs on appeal. Upon compliance with RAP 18.1, a commissioner of this court will enter an appropriate order.

Affirmed.[4]

We concur:

---

[4] On July 31, 2014, Petrenko filed a motion to supplement the record with pleadings from a separate lawsuit that TBF filed against Petrenko's law firm for breach of an equipment lease. A commissioner of this court referred Petrenko's motion to this panel. Because these documents do not satisfy the strict criteria set forth in RAP 9.11, we deny the motion.